**Mark O. McVICKERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1453–92.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 1, 1993.

Discretionary Review Granted Jan. 20, 1993.

Jim W. James, Bryan, for appellant.

James Kuboviak, County Atty., Michele Esparza, Asst. County Atty., Bryan, Robert Huttash, State's Atty., Jeffrey L. Van Horn, Asst. State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellant was charged by information for the offense of driving while intoxicated alleged to have been committed on September 13, 1990 in Brazos County. Appellant filed a motion to suppress observations and opinions alleging that the initial stop was made without probable cause; and therefore, that the observations and opinions flowing from said stop were fruit of the illegal stop and seizure. Appellant also filed a motion to suppress statements made while in custody, alleging, that his arrest was without probable cause and without a valid warrant and that any statements resulting therefrom were fruits of an illegal stop. The trial court overruled the motions. Pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of driving while intoxicated. The trial court found appellant guilty and assessed punishment at confinement for one year, probated for two years, and a $100 fine. On appeal, appellant contended that the trial court erred both in admitting hearsay testimony, over objection, during the suppression hearing, and by overruling the motion to suppress evidence. The court of appeals sustained both points of error, reversed the judgment of the trial court and remanded the case to the trial court for further proceedings; *McVickers v. State*, 838 S.W.2d 651, reh. overr.; review gr. (Tex.App.—Corpus Christi 1992). We granted the first ground for review of the State's petition for discretionary review to wit:

> Did the court of appeals err in holding that the trial court erred by admitting hearsay testimony during a hearing on a motion to suppress evidence alleged to be inadmissible pursuant to TEX.CODE CRIM.PROC. ANN. art. 38.23 (Vernon 1981).

I.

*SUMMARY OF PERTINENT FACTS*

On September 13, 1990, appellant was stopped by Lieutenant Knowles and Officer Hanel of the Bryan city police department. Knowles and Hanel requested assistance and shortly thereafter, Officer Smith arrived at the scene. Officer Smith administered a sobriety test and arrested appellant for driving while intoxicated. Smith then took appellant to the sheriff's office, where appellant refused breath and blood tests.

At the hearing on the motions to suppress, neither Knowles nor Hanel testified concerning their reasons for stopping appellants vehicle. When Smith was called to testify, the State's attorney attempted to elicit testimony concerning what the arresting officers told Smith were their reasons for stopping appellant. Appellant objected to the testimony as inadmissible hearsay. The objection was overruled. On *voir dire* Officer Smith stated that his knowledge of the reasons for stopping appellant came solely from statements made by Lieutenant Knowles and Officer Hanel. Smith was later allowed to testify to statements made by the other officers over appellant's timely objection.

On cross-examination appellant was asked if the officers told him why he was stopped. Defense counsel objected on hearsay grounds and was overruled by the court. Appellant then responded that Knowles and Hanel told him he had run a red light. At the conclusion of the hearing, the trial court overruled the hearsay objections and denied the motions to suppress. Appellant pleaded guilty, pursuant to a plea bargain agreement, and gave notice of appeal of the pre-trial suppression ruling. *See Lemmons v. State*, 818 S.W.2d 58 (Tex.Crim.App.1991).

Appellant contended by his point of error that the trial court improperly allowed hearsay testimony to be introduced at the hearing on the motion to suppress. Appellant argued that TEX.R.CRIM.EVID. 1101(d)(4) requires the rules of evidence to be observed in suppression hearings, and thus hearsay testimony which is not admissible at trial is inadmissible at the hearing on the motion to suppress. The State argued that *Adams v. State*, 552 S.W.2d 812 (Tex.Crim.App.1977) controls and that hearsay is admissible in suppression hearings.

## II.

### *DISCUSSION*

█ Preliminary questions of the admissibility of evidence are within the province of the trial court. The rules of evidence afford the court broad discretion in the determination of such questions. TEX.R.CRIM.EVID. 104(a) states:

Preliminary questions concerning the admissibility of evidence shall be determined by the court ... In making its determination it is not bound by the rules of evidence except those with respect to privileges.

█ The State bears the burden of proving the legality of a warrantless arrest or search. *Lalande v. State,* 676 S.W.2d 115, 116 (Tex.Crim.App.1984). The State must also prove the legality of a warrantless seizure. *Higbie v. State,* 723 S.W.2d 802, 805 (Tex.App.—Dallas 1987), aff'd, 780 S.W.2d 228 (Tex.Crim.App.1989). It is well established that a Fourth Amendment seizure occurs when a government agent terminates the freedom of movement through means intentionally applied. *Michigan Dep't of State Police v. Sitz,* 496 U.S. 444, 450, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412 (1990). Traffic stops by roving patrols are considered Fourth Amendment seizures. *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660 (1979). However, an officer may lawfully stop and detain a person for a traffic violation. *Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App. 1992). *See generally McVickers v. State, supra* at 655.

This Court has generally allowed the judge to consider hearsay testimony in determining probable cause and other matters in suppression hearings. *Juarez v. State,* 758 S.W.2d 772, 774 n. 1 (Tex.Crim.App.1988) (On the issue of probable cause to detain and search, detective allowed to testify that another detective answered in the affirmative to the question of whether he detected the smell of marihuana); *Murphy v. State,* 640 S.W.2d 297, 299 (Tex.Crim.App.1982) (Court allowed officer's testimony regarding statements of owner of house which constituted consent to search); *Adams v. State, supra* at 814 n. 1 (On the issue of probable cause Court held

admissible statements made by appellant's mother which led officers to believe television set was stolen by appellant); *Hutchinson v. State,* 509 S.W.2d 598, 600 (Tex.Crim.App. 1974) (Use of hearsay evidence proper proof of consent). In each of these cases, the arresting officer testified to statements which caused him to conclude that probable cause existed to search or make an arrest.

The State argues that *Adams* and its progeny support an expansion of the zone of admissible hearsay to encompass testimony by an officer as to what other officers told him was their basis for determining probable cause existed for arresting appellant. We hold that *Adams* is not controlling here because: 1) The Court did not address the admissibility of hearsay evidence through testimony of third persons, for purposes of showing what led other, non-testifying, officers to conclude that probable cause existed to support the search, seizure and/or arrest; and 2) The Court in *Adams* did not address the implications of TEX.R.CRIM.EVID. 1101(d)(4) in regards to hearsay evidence because the rules were not in effect.

The United States Supreme Court dealt with the issue of the admissibility of hearsay at suppression hearings in *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). At the suppression hearing in that case an issue arose as to whether the arresting officer had consent to search a house from which evidence was obtained. The officer was allowed to testify as to statements by the co-tenant of the house which led the officer to conclude that he had the requisite consent to search. In *Matlock,* the Court stated that the things to be proved in a probable cause hearing and a criminal trial differ and that the Federal Rules of Evidence explicitly provide that they do not apply when a judge determines the admissibility of evidence. 415 U.S. at 173–174, 94 S.Ct. at 994–995; FED.R.EVID. 104(a), 1101(d)(1).

Similarly, *Adams* involved testimony by the arresting officer about statements he heard which led him to conclude the probable cause existed to arrest the defendant. In particular, the officer testified that after observing "a known police character" carrying

a television set in the trunk of an automobile the officer approached the defendant and questioned him as to how he came into possession of the television set. The defendant stated that his mother had given him the set. The officer then called defendant's mother and she denied that she had ever given the defendant a television. At this point the defendant was arrested. During the suppression hearing the judge properly allowed the officer to testify to statements made by the mother.

It is apparent that neither *Matlock*, *Adams* nor any of the cases which follow their reasoning have addressed whether third persons may testify at a suppression hearing concerning statements that other officers made concerning their reasons for the arrest. *See e.g. Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978); *McCray v. Illinois*, 386 U.S. 300, 305, 87 S.Ct. 1056, 1059, 18 L.Ed.2d 62 (1967); *Juarez v. State*, 758 S.W.2d 772, 774 n. 1 (Tex.Crim.App.1988); *Hennessy v. State*, 660 S.W.2d 87, 91 (Tex.Crim.App.1983); *Murphy v. State*, 640 S.W.2d 297, 299 (Tex. Crim.App.1982). Hence, the reasoning in *Adams* cannot be mechanically applied without also considering the rules of evidence in effect at the time of the present case.

The reasoning in *Matlock* was based upon the Court's construction of Federal Rules of Evidence 104(a) and 1101(d)(1). *Adams* was decided by this Court under similar reasoning, but did not address TEX.R.CRIM. EVID. 1101(d)(4) which was enacted in 1986. Although the *Adams* decision is based on the sound reasoning of *Matlock*, that reasoning may not be applicable to suppression hearings under the Texas rules.

The court of appeals correctly noted that although the Texas Rules of Criminal Evidence track the federal rules in many respects, there exists an important deviation which prevents the holding in *Adams* from controlling the present case. TEX.R.CRIM. EVID. 104(a) is identical to its federal counterpart FED.R.EVID. 104(a). As the Supreme Court noted in *Matlock*, Federal Rule 104(a) is consistent with Federal Rule 1101(d)(1) which states:

The rules (other that with respect to privileges) do not apply in the following situations: (1) The determination of questions of fact preliminary to the admissibility of evidence when the issue is to be determined by the court under rule 104.

FED.R.EVID. 1101(d)(1).

On the other hand, unlike Federal Rules 104(a) and 1101(d)(1) which are consistent with one another, Texas Rule 1101(d)(4), which does not have a Federal counterpart, contrasts Texas Rule 104(a). Prior to the decision rendered in this case by the court of appeals, Rule 1101(d)(4) had not been construed by any other court of this state. That rule, under the heading entitled Rules Applicable in Part, provides:

In the following proceedings these rules apply to the extent matters of evidence are not provided for in the statutes which govern procedure therein or in another court rule prescribed by statutory authority:

(4) Motions to suppress confessions, or to suppress illegally obtained evidence under Texas Code of Criminal Procedure article 38.23.

TEX.R.CRIM.EVID. 1101(d)(4).

■ The State incorrectly argues that TEX.CODE CRIM.PROC.ANN. art. 28.01 § 1(6) is a procedural statute which gives the trial court discretion to disregard the rules of evidence in suppression hearings. That statute provides that when a hearing on a motion to suppress evidence is granted, the trial court may determine the merits of the motion on the motions themselves, on opposing affidavits, or on oral testimony. TEX.CODE CRIM.PROC.ANN. art. 28.01 § 1(6) (Vernon 1981). As the court of appeals indicated, that statute only grants the trial court discretion in choosing the format in which the evidence is presented. The court is not given discretion to admit hearsay testimony which is inadmissible under the rules of evidence. Thus, such testimonial evidence must still be admissible under the rules.

Alternatively, the state argues that TEX. R.CRIM.EVID. 104(a) is another court rule which should be deferred to under Texas Rule 1101(d)(4). A holding that Rule 104(a) is "another court rule prescribed pursuant to

statutory authority" that supersedes Rule 1101(d)(4), would "render Rule 1101(d)(4) meaningless and violate the presumption that all of the rules are intended to be effective." *McVickers, supra* at 655; TEX.GOV.CODE ANN. §§ 311.021(2), 311.026(a) (Vernon 1988). Pursuant to its statutory authority this Court ordered both Rule 104(a) and Rule 1101(d)(4) to take effect on September 1, 1986. TEX.GOV.CODE ANN. § 22.109 (Vernon 1988). As such, there was not intended to be any conflict among the rules. In fact, no such conflict exists. Texas Rule 104(a) is a general rule prescribing the extent of the judges discretion in the consideration of evidence in pre-trial proceedings. Rule 1101(d)(4) serves to set out specific pre-trial proceedings to which the rules of evidence apply.

Hence, we agree that the rules of evidence apply in a hearing on a motion to suppress evidence. Although hearsay has traditionally been admitted in courts of this state, those courts did not address the exceptional purpose of TEX.R.CRIM.EVID. 1101(d)(4). Texas Rule 104(a) is a general rule of evidence to which Rule 1101(d)(4) provides specific application for hearings on motions to suppress evidence.

In reaching our conclusion we should note, as did the court below, that the general doctrine supporting the admissibility of hearsay in suppression hearings remains intact. Hence, the proposition stated in *Juarez, Hennessy, Murphy* and *Adams,* that an officer (or magistrate) may testify to statements which led him to conclude that there was probable cause to arrest a suspect, is not disturbed. That proposition, however, was based on an interpretation of Texas Rule 104(a) rather than Texas Rule 1104(d)(4) which appellant has put in issue in the instant case.

### III.

#### *CONCLUSION*

We hereby hold that in the context of TEX.R.CRIM.EVID. 1101(d)(4) the rules of evidence regarding hearsay apply to suppres-sion hearings. Accordingly the decision of the court of appeals is affirmed.

It is so ordered.

CLINTON and CAMPBELL, JJ., concur in result.

McCORMICK, P.J., and WHITE, J., dissent.