11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                          Order

 

Mark Allan Heincelman

Appellant

Vs.                   No.
11-00-00363-CR  -- 
Appeal from Palo Pinto County

State of Texas

Appellee

 

Our former opinion and judgment dated July 12,
2001, are withdrawn pursuant to TEX.R.APP.P. 19.1, and our opinion and judgment
dated August 23, 2001, are substituted therefor.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

August 23, 2001

Do not publish this page only.  See TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.

 

 








                                                             11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Mark Allan Heincelman

Appellant

Vs.                   No.  11-00-00363-CR C
Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury convicted appellant of possession of a
controlled substance in an amount of 1 gram or more but less that
4 grams and assessed his punishment at confinement for 5 years and a $5,000
fine.  We affirm.

In his first and second points of error, appellant
argues that the trial court erred in admitting evidence seized as a result of a
search of his vehicle because there was no probable cause for the search and
because the evidence was insufficient to prove that consent to search was
voluntarily given.  Appellant filed a
motion to suppress on September 15, 2000, urging that he was arrested without
probable cause.  At the conclusion of the
State=s
evidence at the guilt/innocence phase of the trial, the trial court heard
argument on the motion and subsequently denied the motion. 








In reviewing a trial court's ruling on a motion to
suppress, appellate courts must give great deference to the trial court's
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d
85 (Tex.Cr.App.1997).  We must
afford the same amount of deference to the trial court=s
rulings on Amixed
questions of law and fact,@
such as the issue of probable cause, if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor.  Guzman v. State, supra at
89.  Appellate courts, however,
review de novo Amixed
questions of law and fact@
not falling within the previous category.  
Guzman v. State, supra.  When faced with a mixed question of law and
fact, the critical question under Guzman is whether the ruling
"turns" on an evaluation of credibility and demeanor.  Loserth v. State, 963 S.W.2d 770, 773 (Tex.Cr.App.1998).  A question "turns" on an evaluation
of credibility and demeanor when the testimony of one or more witnesses, if
believed, is always enough to add up to what is needed to decide the
substantive issue.  Loserth v. State, supra.  We must view the record in the light most
favorable to the trial court=s
ruling and sustain the trial court=s
ruling if it is reasonably correct on any theory of law applicable to the
case.  Guzman v. State,
supra.

Officer Ken Dabbs, with
the Cross Timbers Narcotics Task Force, testified that on February 28, 2000, he
was patrolling Interstate 20 when he observed the vehicle appellant was driving
change lanes without using a turn signal. 
Appellant was driving a Penske rental truck,
and Officer Dabbs stopped the vehicle for the traffic
violation.  Officer Dabbs
asked appellant for the rental agreement for the truck, but appellant was
unable to produce a rental agreement. 
Appellant had a California driver=s
license, and Officer Dabbs contacted dispatch to
check for outstanding warrants and also to check the vehicle identification
number on the truck to determine whether the vehicle had been reported
stolen.  Officer Dabbs
later issued appellant a warning ticket for the traffic violation. 

While he was waiting for the returns from
dispatch, Officer Dabbs began talking to
appellant.  Appellant told Officer Dabbs that he was coming from El Paso, that he owned a
moving company, and that he was moving household goods.  Appellant said that he had picked up the
items from a storage facility in El Paso. 
Appellant told Officer Dabbs that he had flown
from California to Missouri, where he rented the truck, and then went to El
Paso.  At the time of the stop, appellant
was traveling eastbound on the interstate. 
The passenger in the truck told Officer Dabbs
a conflicting story.   The passenger
stated that the items in the truck were picked up from an individual=s house in El Paso, rather than from a
storage facility. 








Officer Dabbs testified
that he asked appellant if he was in possession of any stolen property, drugs,
or weapons and that appellant responded that he was not.  Officer Dabbs then
asked appellant for consent to search the back of the truck, and appellant
said, A[Y]es, we could look.@  Appellant retrieved the key, unlocked the
back of the truck, and opened the back of the truck for Officer Dabbs.  When he
looked inside the truck, Officer Dabbs did not see
household items as appellant had previously stated.  Officer Dabbs
looked inside of some bags and boxes that were in the truck and found various
drug paraphernalia, including pipes, electronic scales, and a Ahitter@
which contained a Awhite
powder@
substance.

Officer Dabbs called for
backup and handcuffed both appellant and the passenger.  Deputy Todd Baker drove the truck to the
sally port of the Palo Pinto County Jail where Officer Dabbs
conducted a further search.  During that
search, Officer Dabbs found various items used to
manufacture methamphetamine; more drug paraphernalia; and false bottom cans,
one of which contained capsules with white powder.  Appellant was also searched at the jail; and,
from his person, officers recovered another Ahitter@ and an address book with drug
paraphernalia. The methamphetamine seized from appellant and the vehicle
totaled 1.58 grams. 

Appellant first argues that there was no probable
cause for his detention after a traffic stop. 
When a traffic violation is committed within an officer=s view, the officer may lawfully stop
and detain the person for the traffic violation.  Walter v. State, 28 S.W.3d
538 (Tex.Cr.App.2000); McVickers v. State, 874 S.W.2d
662 (Tex.Cr.App.1993).  During a
valid traffic stop, an officer is permitted to detain the individual in order
to check for outstanding warrants. Walter v. State, supra.      The
record shows that Officer Dabbs stopped appellant for
a traffic violation and detained appellant to check for outstanding warrants
and to determine whether the vehicle had been reported stolen.  While waiting for the returns from dispatch,
Officer Dabbs engaged appellant in a conversation and
became suspicious that appellant was involved in criminal activity.   Officer Dabbs
asked for and received consent to search appellant=s
vehicle.  

Appellant next argues that his consent to search
was involuntarily given.  To be valid, a consent to search must be positive and unequivocal and
must not be the product of duress or coercion, either express or implied.    Schneckloth v. Bustamonte, 412 U.S. 218 (1973).  The State bears the burden of proving
voluntary consent by clear and convincing evidence.  State v. Ibarra, 953 S.W.2d
242, 245 (Tex.Cr.App.1997).  








Officer Dabbs asked
appellant for consent to look in the back of the truck, and appellant said that
he Acould look.@  Appellant retrieved the key to the back of
the truck and opened it for Officer Dabbs.  At trial, when appellant=s attorney asked Officer Dabbs whether he believed that appellant gave him
permission to check everything that was in the back of the truck, Officer Dabbs responded, AEverything that was in the back of the truck, I asked for.@ 
Although Officer Dabbs did not inform
appellant that he could refuse to consent to the search, there is no evidence
in the record that the consent was obtained by duress or coercion.  See Estrada v. State, 30 S.W.3d 599 (Tex.App. - Austin 2000, pet=n
filed). 

The record shows that appellant was lawfully
stopped pursuant to a traffic violation and that, while he was waiting for a
return from dispatch, Officer Dabbs received consent
to search appellant=s
vehicle.  Before he received information
from dispatch that the vehicle was not stolen and that appellant did not have
any outstanding warrants, Officer Dabbs discovered
methamphetamine in the truck.  Appellant
has not shown that the trial court abused its discretion in admitting the
evidence seized during the search of his vehicle.  Appellant=s
first and second points of error are overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

August 23, 2001

Publish.  See TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.