NO. 07-01-0250-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 11, 2002


______________________________



WADE LEE NUTTALL
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 4594; HON. KELLY G. MOORE, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)


 Wade Lee Nuttall (appellant) appeals his conviction for possession of a controlled
substance. Via three issues, he contends the trial court erred by failing to grant his motion
to suppress because: 1) he did not give consent to search his person; 2) the search did
not qualify as a pat-down; and, 3) he was unlawfully detained. We affirm. 




 Standard of Review


 The applicable standard of review is well settled and need not be reiterated. 
Instead, we cite the parties to Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000) for an explanation of same. 

Background


 Viewing the evidence in a light most favorable to the trial court's decision, id. at 327-28 (requiring as much), we note the following. Appellant rode as a passenger in a car
being driven by an individual named Tucker. The latter ran a red light, as witnessed by
Officer Johnson (an officer with the Brownfield police force). Johnson then stopped
Tucker, approached the car, and asked Tucker for his license and registration. Thereafter,
Tucker was asked to step from the vehicle, which he did. As he and the officer stood
behind the car, Johnson told Tucker why he was stopped. The reasons given included the
traffic light matter, as well as the absence of a front license plate and an expired inspection
sticker. When asked where he was coming from, Tucker responded "El Paso." He
allegedly rented a car in or around Lubbock, drove it to El Paso, left it at a rental car
agency at the El Paso International Airport, and was returning to Brownfield via the car in
which Johnson stopped him. Apparently, appellant followed Tucker to El Paso in that car. 

 After conversing with Tucker momentarily, Johnson left him standing alone, returned
to Tucker's vehicle, and proceeded to ask appellant for identification. During this
conversation, appellant was "extremely nervous," breathed in rapid, shallow breaths, and
evasively answered Johnson's questions. Furthermore, appellant indicated that the
address on his driver's license was not current. (2) 

 Johnson returned to his squad car to report the stop, solicit information about the
existence of outstanding warrants on either of the detainees, and request backup. He
decided to seek backup upon realizing that Tucker was the brother of a good
acquaintance. This acquaintance had told the officer that Tucker was "heavy" into drugs
and that he (Tucker) had been threatened with bodily harm by someone in El Paso over
a drug matter. Eventually, the police dispatcher responded to Johnson's solicitation and
informed him that either Tucker or appellant had been twice arrested for narcotics
violations. (3) 

 Subsequently, Johnson left his vehicle, approached Tucker, explained the traffic
citations he proposed to issue him, and asked if Tucker's car contained any contraband
of any type. Tucker responded in the negative. The officer then asked for permission to
search the vehicle. Tucker said no. Johnson then proceeded to Tucker's car to return
appellant's license. When asked the name of the rental company at which the rental car
was allegedly left, appellant mentioned a company different than that previously mentioned
by Tucker. And, when asked about prior arrests, appellant admitted to involvement in a
drug transaction that resulted in him being placed on deferred adjudication. 

 Johnson, then, returned to where Tucker stood. By this time, another officer had
arrived on the scene. The second officer stood by Tucker as Johnson patted down Tucker
for weapons and informed him that a drug dog had been summoned to conduct an open
air search. Thereafter, Johnson asked appellant to exit the car, told him that a drug dog
would soon arrive to conduct a search, asked if there was any contraband in the car,
explained that if contraband was found therein appellant could be implicated in the
offense, and stated that disclosing the presence of narcotics before the drug dog arrived
could be helpful. In response, appellant admitted that he had a "baggie" in his pocket. 
Johnson removed the "baggie," the contents of which were determined to be a controlled
substance.

 Application of Standard


 Unlawful Detention

 We initially address the contention that appellant's detention was unlawful. To the
extent that the officer witnessed Tucker run a red light, he had reasonable suspicion, if not
probable cause, to believe that a crime occurred; same also provided lawful basis to
conduct a traffic stop. See McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App.
1993) (stating that an officer may lawfully stop and detain a person for a traffic violation). 
Once Tucker was stopped, the officer was entitled to garner information about the
detainee's license, destination, and purpose of the trip without transgressing constitutional
or statutory limitation. Ortiz v. State, 930 S.W.2d 849, 856 (Tex. App.--Tyler 1996, no pet.)
(so holding). And, the information he garnered could be used in assessing the existence
of reasonable suspicion to continue the temporary detention. Id. Regarding that
information at bar, it consisted of 1) recognizing Tucker as the brother of an acquaintance,
2) remembering that Tucker's brother had stated that Tucker was a "heavy" drug user, 3)
remembering that Tucker's brother had stated that Tucker had been threatened by an
individual in El Paso over an event involving drugs, 4) discovering that Tucker was
returning from El Paso, 5) discovering Tucker's purpose for going to El Paso (i.e., to return
a car that he had rented in Lubbock while appellant followed him there in the vehicle in
which they would come back), 6) observing appellant's nervousness, rapid breathing, and
evasiveness, and 7) discovering that one or more of those in the car had been arrested
for drug offenses before. (4) To this we add the officer's conclusion that the reason given for
going to El Paso was dubious, since one did not normally return a rented car to a city
different from the one in which it was rented while having a friend drive another car down
to the point of return so they could come back in it. Collectively these indicia would permit
not only a police officer to reasonably suspect that Tucker and his companion had
engaged or were engaging in criminal activity involving drugs, but also detain them for
further investigation. See Powell v. State, 5 S.W.3d 369, 378-79 (Tex. App.-Texarkana
1999, pet. ref'd), cert. denied, 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000)
(recognizing that nervousness and the existence of prior drug offenses are factors used
in assessing the existence of reasonable suspicion to believe that crime is afoot); see also
Estrada v. State, 30 S.W.3d 599, 603 (Tex. App.-Austin 2000, pet. ref'd) (confusing and
contradictory stories are facts to be considered in forming a reasonable basis for
suspecting that the defendant was smuggling drugs). (5) At the very least, a decision of a
trial court so holding would not fall outside the zone of reasonable disagreement. And,
because of that, we cannot say that the trial court erred in refusing to conclude that either
the initial or continuing detention of Tucker and appellant was improper. 

 Consent

 Next, appellant argued that he did not give the officer consent to search his pockets
once he admitted possessing a baggie containing drugs. We reject the proposition. 
Simply put, an officer may search one's person when he has probable cause to believe
that the individual possesses contraband on his person. See e.g., Evans v. State, 799
S.W.2d 412, 414-15 (Tex. App.--Corpus Christi 1990, no pet.). He does not need consent
under those circumstances. And, it would not be outside the zone of reasonable
disagreement for a trial court to conclude that appellant's statement that he had a baggie
in his pocket (when he and the officer were discussing the presence of drugs) created
probable cause warranting a search of appellant's pocket.

 Appellant also suggested that his statement regarding the baggie was involuntary. 
This particular argument, however, is accompanied by no citation to analogous authority,
as required by Texas Rule of Appellate Procedure 38.1(h). Thus, it was waived. Yet, even
had it not, we would not find it persuasive. This is so because the evidence of record
illustrates that Johnson was simply explaining the possible legal consequences of
discovering drugs within a car in which he sat. That does not render any ensuing
response inadmissible. Freeman v. State, 723 S.W.2d 727, 730 (Tex. Crim. App. 1986)
(holding that a statement of the status of the case in terms of the facts and law is not a
coercive promise which taints the suspect's response). Nor is an officer's statement that
the detainee's cooperation may help the detainee sufficient to render inadmissible the
ensuing comments. Renfro v. State, 958 S.W.2d 880, 884 (Tex. App.--Texarkana 1997,
pet. ref'd). Finally, the video of the incident illustrated that 1) the show of force by Johnson
and his colleague was minimal, 2) Johnson spoke in a calm, formal tone, and 3) the lapse
of time between appellant exiting the car and ultimately admitting that he possessed the
baggie was a matter of a minute or two. That hardly evinced compulsion, especially when
the officer was simply asking about contraband in the car and not on appellant's person. 
See Smith v. State, 60 S.W.3d 885, 889 (Tex. App.--Amarillo 2001, no pet.) (stating that
the officer's interrogation must have some compelling effect before the response can be
deemed the result of coercion).

 Pat-Down

 Finally, appellant argues that Johnson's search of appellant's pocket was not a
lawful pat-down. This argument is of no import for the search conducted by Johnson was
not a pat-down. Instead, it was a search in response to the existence of probable cause.

 Accordingly, we affirm the judgment of trial court.

 

 Per Curiam


Publish.

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann.
§75.002(a)(1) (Vernon Supp. 2002). 
2. The address on Tucker's driver's license was also incorrect.
3. We are unable to determine to whom the dispatcher referred. This is so because the audio portion
of the video containing the dialogue was unclear.
4. Appellant subsequently confirmed that he had been so arrested when he stated that he had been
granted deferred adjudication for a drug-related offense.
5. This is not to say that because Tucker and appellant were simply returning from El Paso the officer
had reasonable basis to suspect drug activity. That one may be traveling from or to a city which an officer
believes is a "source" for contraband carries little to no weight in assessing the existence of reasonable
suspicion or probable cause. Veal v. State, 28 S.W.3d 832, 837 (Tex. App.-Beaumont 2000 pet. ref'd);
Munera v. State, 965 S.W.2d 523, 529 (Tex. App.-Houston 1997, no pet.).