Opinion issued March 25, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00383-CR




MICHAEL RAY HAWTHORN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 923356




MEMORANDUM OPINION

          Appellant, Michael Ray Hawthorn, pleaded no contest, without an agreed
punishment recommendation from the State, to the felony offense of possession with
intent to deliver a controlled substance, namely, cocaine weighing more than four
grams and less than 200 grams by aggregate weight, including any adulterants and
dilutants. The trial court deferred adjudication of appellant’s guilt for six years and
assessed a $1,000 fine. In three points of error, appellant contends that the trial court
erred in denying his motion to suppress evidence. We affirm.
Motion to Suppress
          Appellant’s three points of error allege that the trial court erred in denying his
motion to suppress evidence because the evidence was seized without a warrant and
without probable cause, in violation of the Fourth and Fourteenth Amendments to the
United States Constitution, article 1, section 9 of the Texas Constitution, and article
38.23 of the Code of Criminal Procedure. See U.S. Const. amends. IV, XIV; Tex.
Const. art. 1, § 9; Tex. Code Crim. Proc. Ann. § 38.23 (Vernon Supp. 2004). 
Appellant limits his three issues on appeal to the claim that his affidavit and
photographs established that Deputy John Palermo, a peace officer with the Harris
County Sheriff’s Department for 11 years, could not have seen through the heavily
tinted windows of appellant’s vehicle to determine whether appellant was wearing a
seatbelt and, therefore, that Palermo had no authority to stop appellant’s vehicle.
          The trial court heard appellant’s motion to suppress by considering evidence
in the form of affidavits from Deputy Palermo and appellant. According to Deputy
Palermo’s affidavit, on September 5, 2002, at approximately 8:00 pm, he observed 
appellant driving a pickup truck on the East Sam Houston Parkway in East Harris
County, Texas without being secured by a safety belt and initiated a traffic stop. 
When Deputy Palermo approached appellant’s pickup truck, he saw appellant make
a furtive movement by reaching his right hand behind the front passenger seat. 
Deputy Palermo approached the passenger side of appellant’s vehicle and detected
an odor of an alcoholic beverage coming from the interior of the vehicle. After
Deputy Palermo asked appellant to exit the pickup truck, he observed appellant
walking towards him with a part of a cellophane package protruding from the right
coin pocket of appellant’s pants. During a pat-down of appellant, Deputy Palermo
felt several small bulges in appellant’s right coin pocket. Appellant was asked if the
bulges were cocaine, and appellant responded that they were. Deputy Palermo
recovered four cellophane packages of cocaine from appellant’s pocket and an
additional cellophane bag of cocaine in appellant’s vehicle. 
          Appellant’s affidavit stated that Deputy Palermo could not have seen whether
he was wearing a seatbelt because the windows in appellant’s truck were heavily
tinted. Photographs of the truck were attached to appellant’s affidavit.We review a trial court’s ruling on a motion to suppress evidence for an abuse
of discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We
give almost total deference to the trial court’s determination of historical facts, and
we conduct a de novo review of the court’s application of the law to those facts. Id.;
see also Manzi v. State, 88 S.W.3d 240, 241 (Tex. Crim. App. 2002) (holding that
deferential review applies even when trial court’s factual determination is based
solely upon affidavits). When, as here, the trial court does not make explicit findings
of historical facts, we review the evidence in the light most favorable to the trial
court’s ruling and assume that the trial court made implicit findings of fact that are
supported by the record. Balentine, 71 S.W.3d at 768.
          A police officer may lawfully stop a motorist who commits a traffic violation. 
McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). The
Transportation Code makes it an offense for a person at least 15 years of age not to
be secured by a safety belt when riding in the front seat of a passenger vehicle while
the vehicle is being operated, provided that the seat that he is in is equipped with a
safety belt. Tex. Transp. Code Ann. § 541.413(a) (Vernon 1999). Thus, a law
enforcement officer who observes an individual unsecured by a safety belt while
riding in the front seat of a vehicle when the vehicle is being operated has reasonable
suspicion to make a traffic stop to investigate further whether an offense has been
committed. Davis v. State, 947 S.W.2d 240, 244-45 (Tex. Crim. App. 1997).
          The conflicting affidavits regarding whether Deputy Palermo was able to see
inside appellant’s vehicle required the trial court to evaluate the credibility of the
affiants and to make a determination of historical facts. See Manzi, 88 S.W.3d at 244. 
Because the trial court made no explicit findings of historical facts, we review the
affidavits and photographs in the light most favorable to the trial court’s ruling and
assume that the trial court implicitly found that Deputy Palermo was more credible
than appellant. See Balentine, 71 S.W.3d at 768. We do not agree with appellant’s
characterization of the photographs and defer instead to the trial court’s determination
of the facts. We conclude, therefore, that the trial court correctly applied the facts to
the law, which allows a peace officer to detain a motor vehicle for the traffic violation
of failure to wear a seatbelt. See id.
          We overrule appellant’s points of error one, two, and three.
Conclusion
          We affirm the order of the trial court.
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).