Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JUAN LEYVA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00111-CR

Appeal from the

120th District Court

of El Paso County, Texas

(TC# 20030D05645)




O P I N I O N

           This is an appeal from a conviction for the offense of felony driving while 
intoxicated. Appellant pleaded guilty to the court and the court assessed punishment at five’
years community supervision and a fine of $500. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           At the hearing on the motion to suppress the evidence, Officer Micaela O’Quinn
testified that at 3:58 p.m. on April 27, 2003, she was driving home on Interstate 10 from her
employment with the El Paso Police Department when she observed a car being driven by
Appellant driving in a “jolting” fashion. The vehicle would accelerate to a high rate of speed
and then Appellant would slam on the brakes. Appellant’s head was bobbing and swinging
from side to side. He nearly collided with four other vehicles. The officer followed at a safe
distance with her emergency hazard lights blinking.
           Eventually, the car exited the freeway on Piedras Street. The driver nearly struck a
guardrail, and he almost failed to stop at a stop sign. Appellant drove off in a “jolting”
manner and came to a stop at the corner of an intersection. As a result of observing the
erratic behavior, the officer approached the car and asked if Appellant was all right. 
Appellant leaned toward the center of the vehicle and then rolled his shoulder towards her
and blew her kisses. When Officer O’Quinn repeated the question, Appellant sped off.
           Fifty feet down the road, Appellant pulled his vehicle onto a sidewalk and stopped. 
The officer returned to her vehicle and got her badge and gun because she felt unsafe due to
Appellant’s size, strength, and erratic behavior. She then ordered the Appellant to get out
of the car and lie on the ground. Appellant responded by screaming, “Don’t shoot me.” As
Appellant exited the vehicle, the officer noticed that Appellant had difficulty standing, and
he was holding onto the car door. When Appellant exited the car, he assumed a fighting
stance as if he were trapped, and he then staggered toward the officer before lying on the
ground as instructed.
           The officer then held Appellant’s hands behind his back in a handcuffed position
while waiting for backup officers to arrive. At this time, she observed that he had bloodshot
eyes, slurred speech, and a strong odor of alcohol on his breath. In her opinion, Appellant
was highly intoxicated.
II. DISCUSSION
           In Appellant’s sole issue on appeal, he asserts that the court abused its discretion by
denying Appellant’s motion to suppress the evidence because the State failed to establish
probable cause for his arrest. Specifically, Appellant asserts that at the moment of
Appellant’s arrest, Officer O’Quinn did not possess facts and circumstances amounting to
probable cause that he had committed a crime. We disagree.
           We review a trial court’s ruling on a motion to suppress based upon an alleged lack
of probable cause or reasonable suspicion using the bifurcated standard of review articulated
in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). See Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Krug v. State, 86 S.W.3d 764, 765 (Tex. App.--El
Paso 2002, pet. ref’d). Under this standard, we afford almost total deference to the trial
court’s express or implied determination of historical facts and review de novo the court’s
application of the law pertaining to search and seizure to those facts. State v. Ross, 32
S.W.3d 853, 856 (Tex. Crim. App. 2000); Carmouche, 10 S.W.3d at 327; Krug, 86 S.W.3d
at 765. As there were no explicit findings of historical facts by the trial court, the evidence
must be viewed in a light most favorable to the trial court’s ruling. Carmouche, 10 S.W.3d
at 327-28.
           When a traffic violation is committed within an officer’s view, the officer may
lawfully stop and detain the person for the traffic violation. Tex. Code Crim. Proc. Ann.
art. 14.01(b) (Vernon 2005); Tex. Transp. Code Ann. § 543.001 (Vernon 1999); Walter v.
State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); McVickers v. State, 874 S.W.2d 662, 664
(Tex. Crim. App. 1993). No additional probable cause or reasonable suspicion is required. 
See Walter, 28 S.W.3d at 542. Probable cause to arrest exists when the facts and
circumstances within the knowledge of the arresting officer, and of which he has reasonably
trustworthy information, are sufficient to warrant a reasonable person to believe that a
particular person has committed or is committing a crime. See Guzman, 955 S.W.2d at 87.
           We note that Officer O’Quinn testified that she observed Appellant commit numerous
traffic offenses. She stated that Appellant made unsafe lane changes, he failed to signal lane
changes, he failed to maintain a single lane, he drove recklessly, and he failed to control the
speed of his vehicle.


 At the very least, the officer had probable cause to determine that
Appellant drove recklessly. Accordingly, we find that the court did not abuse its discretion
in denying Appellant’s motion to suppress the evidence. Issue No. One is overruled.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice
December 1, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)