TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00620-CR






The State of Texas, Appellant


v.


James D. Kidd, Appellee






FROM THE TRAVIS COUNTY COURT AT LAW NO. 8, NO. C-1-CR-07-200997,

HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 James D. Kidd was charged with the misdemeanor offense of driving while
intoxicated (DWI). Alleging that the initial traffic stop for failing to signal continuously an intent
to turn for not less than 100 feet before the turn was unreasonable under the circumstances, Kidd
filed a motion to suppress the evidence related to the DWI charge. A hearing resulted in the granting
of the motion, and the State appealed. The sole issue on appeal is whether the traffic stop was
constitutionally unreasonable. We will reverse and remand.


BACKGROUND


 Around midnight on January 27, 2007, Deputy Sheriff Anthony Sampson began
following Kidd's vehicle. After about five miles, Deputy Sampson observed that Kidd failed to
signal continuously for at least 100 feet before turning at a T-intersection. (1) Believing that Kidd's
failure to signal intent to turn "continuously for not less than the last 100 feet" was in violation of
section 545.104(b) of the transportation code, the deputy initiated a traffic stop that resulted in
Kidd's arrest for DWI. See Tex. Transp. Code Ann. § 545.104(b) (West 1999).

 The only issue at the hearing was the lawfulness of the initial traffic stop. Kidd
admitted he had failed to continuously signal his intent to turn for not less than 100 feet, but asserted
the stop was unreasonable because he was unfamiliar with the area and had been unsure of which
direction he should turn. Finding that "the distance over which and time during which Kidd had his
turn indicator on was prudent and reasonable for safe driving under the circumstances," the trial
court concluded that enforcement of the 100-foot requirement is "unreasonable in so many real-life
circumstances as to render its enforcement oppressively foolish in a free society," and strict
enforcement of section 545.104(b) is "a violation of one's right to be free from unreasonable
seizures" under the U. S. and Texas constitutions.


STANDARD OF REVIEW


 Because the facts in this case are undisputed, we are presented with a question of law
that we review de novo. See Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).


ANALYSIS


 A routine traffic stop is similar to an investigative detention. See Berkemer
v. McCarty, 468 U.S. 420, 436-37 (1984). Because an investigative detention is a seizure
that implicates the Fourth Amendment, the traffic stop must be reasonable. See U.S. CONST.
amend. IV; Terry v. Ohio, 392 U.S. 1, 20-21 (1968); Francis v. State, 922 S.W.2d 176,
178 (Tex. Crim. App. 1996) (J. Baird, concurring). To determine the reasonableness of an
investigative detention, we must determine (1) whether the peace officer's seizure of a person was
justified at its inception, and (2) whether it was reasonably related in scope to the circumstances that
initially justified the interference. Terry, 392 U.S. at 19-20; Davis v. State, 947 S.W.2d 240, 242
(Tex. Crim. App. 1997).

 Under the first prong, the officer must have a reasonable suspicion to justify an
investigative detention. Davis, 947 S.W.2d at 242-43. Specifically, the officer must have a
reasonable suspicion that some activity out of the ordinary is occurring and some indication the
unusual activity is related to crime. Id. at 244; Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim.
App. 1989). An officer may lawfully stop and detain a person for a traffic violation. McVickers
v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). The decision to stop an automobile is
reasonable where an officer has probable cause to believe a traffic violation has occurred. Walter
v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).

 Here, Deputy Sampson believed that Kidd's failure to signal intent to turn
"continuously for not less than the last 100 feet" was a violation of section 545.104(b) of the
transportation code. We must, therefore, determine if Deputy Sampson's conclusion that a traffic
offense had been committed is consistent with our interpretation and application of the statute. The beginning point in any statutory construction analysis is the statute's plain
language. Ex Parte Whiteside, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Section 545.104(b) of
the transportation code reads as follows: "An operator intending to turn a vehicle right or left shall
signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." 
Tex. Transp. Code Ann. § 545.104(b). If a statute is clear and unambiguous, we apply the plain
meaning of its words. Hines v. State, 78 S.W.3d 444, 447 (Tex. Crim. App. 2002). Only if the
statute's plain language leads to absurd results or the language is ambiguous may a reviewing court
resort to extra-textual factors. Whiteside, 12 S.W.3d at 821.

 Section 545.104(b) clearly and unambiguously requires a driver intending to turn to
"signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." 
Although the trial court concluded that enforcement of the 100-foot rule "leads to unreasonable,
perhaps unforeseen, circumstances," we cannot say that the statute's mandatory requirement that a
driver intending to turn must "signal continuously for not less than the last 100 feet" leads to absurd
results. Rather, we conclude that applying the plain language of section 545.104(b) provides a
reliable bright-line rule for both the drivers of motor vehicles and the police officers charged with
enforcing the law. See Williams v. State, No. 05-02-00314-CR, 2002 WL 31521373, at *2 (Tex.
App.--Dallas Nov. 14, 2002, no pet.). The Legislature must be understood to mean what it has
expressed in a clear and unambiguous statute, and courts are not to add or subtract from it. 
Weightman v. State, 975 S.W.2d 621, 623-24 (Tex. Crim. App. 1998) (quoting Boykin v. State,
818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991)).

 Section 545.104(b) of the transportation code is clear and unambiguous. See Tex.
Transp. Code Ann. § 545.104(b). Kidd admitted he failed to continuously signal his intent to turn
for not less than 100 feet before the turn and Deputy Sampson reasonably believed that Kidd had
committed a traffic violation. When a traffic offense is committed in the presence of a peace officer,
detention of the driver is reasonable under the Fourth Amendment. Garcia v. State, 827 S.W.2d 937,
944 (Tex. Crim. App. 1992). Because Deputy Sampson was authorized to enforce the law and detain
Kidd for that violation, the evidence related to the DWI, seized after the lawful traffic stop, was
legally gathered.


CONCLUSION


 Finding that Kidd committed a traffic violation and the stop was constitutionally
reasonable, we conclude the trial court erred in granting the motion to suppress. The court's
judgment granting the motion to suppress is reversed, and the case is remanded to the trial court for
proceedings consistent with this opinion.


 ____________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed: December 30, 2010
1. Kidd activated his turn signal about 30 feet from the intersection.