# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00620-CR

**The State of Texas, Appellant**

**v.**

**James D. Kidd, Appellee**

**FROM THE TRAVIS COUNTY COURT AT LAW NO. 8, NO. C-1-CR-07-200997,
HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

James D. Kidd was charged with the misdemeanor offense of driving while intoxicated (DWI). Alleging that the initial traffic stop for failing to signal continuously an intent to turn for not less than 100 feet before the turn was unreasonable under the circumstances, Kidd filed a motion to suppress the evidence related to the DWI charge. A hearing resulted in the granting of the motion, and the State appealed. The sole issue on appeal is whether the traffic stop was constitutionally unreasonable. We will reverse and remand.

## BACKGROUND

Around midnight on January 27, 2007, Deputy Sheriff Anthony Sampson began following Kidd's vehicle. After about five miles, Deputy Sampson observed that Kidd failed to

signal continuously for at least 100 feet before turning at a T-intersection.[1] Believing that Kidd's failure to signal intent to turn "continuously for not less than the last 100 feet" was in violation of section 545.104(b) of the transportation code, the deputy initiated a traffic stop that resulted in Kidd's arrest for DWI. *See* Tex. Transp. Code Ann. § 545.104(b) (West 1999).

The only issue at the hearing was the lawfulness of the initial traffic stop. Kidd admitted he had failed to continuously signal his intent to turn for not less than 100 feet, but asserted the stop was unreasonable because he was unfamiliar with the area and had been unsure of which direction he should turn. Finding that "the distance over which and time during which Kidd had his turn indicator on was prudent and reasonable for safe driving under the circumstances," the trial court concluded that enforcement of the 100-foot requirement is "unreasonable in so many real-life circumstances as to render its enforcement oppressively foolish in a free society," and strict enforcement of section 545.104(b) is "a violation of one's right to be free from unreasonable seizures" under the U. S. and Texas constitutions.

## STANDARD OF REVIEW

Because the facts in this case are undisputed, we are presented with a question of law that we review de novo. *See Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

---

[1] Kidd activated his turn signal about 30 feet from the intersection.

## ANALYSIS

A routine traffic stop is similar to an investigative detention. *See Berkemer v. McCarty*, 468 U.S. 420, 436-37 (1984). Because an investigative detention is a seizure that implicates the Fourth Amendment, the traffic stop must be reasonable. *See* U.S. CONST. amend. IV; *Terry v. Ohio*, 392 U.S. 1, 20-21 (1968); *Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996) (J. Baird, concurring). To determine the reasonableness of an investigative detention, we must determine (1) whether the peace officer's seizure of a person was justified at its inception, and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. *Terry*, 392 U.S. at 19-20; *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).

Under the first prong, the officer must have a reasonable suspicion to justify an investigative detention. *Davis*, 947 S.W.2d at 242-43. Specifically, the officer must have a reasonable suspicion that some activity out of the ordinary is occurring and some indication the unusual activity is related to crime. *Id.* at 244; *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). An officer may lawfully stop and detain a person for a traffic violation. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). The decision to stop an automobile is reasonable where an officer has probable cause to believe a traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).

Here, Deputy Sampson believed that Kidd's failure to signal intent to turn "continuously for not less than the last 100 feet" was a violation of section 545.104(b) of the

transportation code. We must, therefore, determine if Deputy Sampson's conclusion that a traffic offense had been committed is consistent with our interpretation and application of the statute.

The beginning point in any statutory construction analysis is the statute's plain language. *Ex Parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Section 545.104(b) of the transportation code reads as follows: "An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." Tex. Transp. Code Ann. § 545.104(b). If a statute is clear and unambiguous, we apply the plain meaning of its words. *Hines v. State*, 78 S.W.3d 444, 447 (Tex. Crim. App. 2002). Only if the statute's plain language leads to absurd results or the language is ambiguous may a reviewing court resort to extra-textual factors. *Whiteside*, 12 S.W.3d at 821.

Section 545.104(b) clearly and unambiguously requires a driver intending to turn to "signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." Although the trial court concluded that enforcement of the 100-foot rule "leads to unreasonable, perhaps unforeseen, circumstances," we cannot say that the statute's mandatory requirement that a driver intending to turn must "signal continuously for not less than the last 100 feet" leads to absurd results. Rather, we conclude that applying the plain language of section 545.104(b) provides a reliable bright-line rule for both the drivers of motor vehicles and the police officers charged with enforcing the law. *See Williams v. State*, No. 05-02-00314-CR, 2002 WL 31521373, at *2 (Tex. App.—Dallas Nov. 14, 2002, no pet.). The Legislature must be understood to mean what it has expressed in a clear and unambiguous statute, and courts are not to add or subtract from it.

4

*Weightman v. State*, 975 S.W.2d 621, 623-24 (Tex. Crim. App. 1998) (quoting *Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991)).

Section 545.104(b) of the transportation code is clear and unambiguous. *See* Tex. Transp. Code Ann. § 545.104(b). Kidd admitted he failed to continuously signal his intent to turn for not less than 100 feet before the turn and Deputy Sampson reasonably believed that Kidd had committed a traffic violation. When a traffic offense is committed in the presence of a peace officer, detention of the driver is reasonable under the Fourth Amendment. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Because Deputy Sampson was authorized to enforce the law and detain Kidd for that violation, the evidence related to the DWI, seized after the lawful traffic stop, was legally gathered.

## CONCLUSION

Finding that Kidd committed a traffic violation and the stop was constitutionally reasonable, we conclude the trial court erred in granting the motion to suppress. The court's judgment granting the motion to suppress is reversed, and the case is remanded to the trial court for proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed:   December 30, 2010

5