

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00040-CR

**THE STATE OF TEXAS,**

**Appellant**

**v.**

**ALBERT LOCKHART,**

**Appellee**

**From the County Court at Law
Navarro County, Texas
Trial Court No. C37638-CR**

## MEMORANDUM OPINION

Appellant, Albert Barton Lockhart, was charged by indictment with one count of unlawful possession of a controlled substance in a correctional facility and one count of unlawful possession of a controlled substance in an amount less than one gram. Before trial, Lockhart filed a motion to suppress evidence. After a hearing, the trial court granted Lockhart's motion to suppress and entered findings of fact and conclusions of law. Thereafter, the State filed its notice of interlocutory appeal under article 44.01(a)(5) of the

Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2017). Because we cannot conclude that the trial court abused its discretion by granting Lockhart's motion to suppress, we affirm.

## I. STANDARD OF REVIEW

We review the trial court's ruling on a motion to suppress evidence for an abuse of discretion, using a bifurcated standard. *See Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). We give "almost total deference" to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We review de novo the trial court's determination of the law and its application of law to facts that do not turn upon an evaluation of credibility and demeanor. *Id.* When the trial court has not made a finding on a relevant fact, we imply the finding that supports the trial court's ruling, so long as it finds some support in the record. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006); *see Moran v. State*, 213 S.W.3d 917, 922 (Tex. Crim. App. 2007). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

When ruling on a motion to suppress, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede*

*v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). When reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the ruling. *Garcia-Cantu v. State*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

When a trial judge makes explicit fact findings regarding a motion to suppress, an "appellate court [must first] determine whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *Kelly*, 204 S.W.3d at 818. "The appellate court then reviews the trial court's legal ruling[s] de novo unless the trial court's supported-by-the-record explicit fact findings are also dispositive of the legal ruling." *Id.*

## II.  ANALYSIS

In its sole issue on appeal, the State contends that the trial court erroneously granted suppression because it failed to consider whether Corsicana Police Officer David Nazar had reasonable suspicion to pull over Lockhart based on the taillamp on Lockhart's license plate that was too dim to render the plate legible at fifty feet, in violation of section 547.322(f) of the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 547.322(f) (West 2011). We disagree.

In its findings of fact, the trial court noted that Officer Nazar was on duty at 2:00 a.m. on June 2, 2017. As described in his probable-cause affidavit, Officer Nazar observed a white pickup truck that did not appear to have a license-plate taillamp. Officer Nazar stopped the driver of the pickup truck, Lockhart, for no license-plate taillamp. At the

suppression hearing, Officer Nazar could not recall what direction Lockhart was driving, nor could he remember how far away the truck was when he first observed it. Nevertheless, Officer Nazar stated that the back license plate on Lockhart's pickup truck was not legible because it appeared as if there was no light illuminating the license plate. After stopping Lockhart, Officer Nazar noticed that Lockhart's license plate was illuminated, but it was dim. When shown the dash-cam video from his patrol car that demonstrated that the license plate was visible, Officer Nazar explained that the license plate was visible due to the reflection of his headlights.

In its conclusions of law, the trial court stated that Officer Nazar only gave conclusory statements about the absence of a license-plate taillamp on Lockhart's pickup truck. Furthermore, the trial court recognized that the dash-cam video contradicted Officer Nazar's probable-cause affidavit, as well as his own statements at the suppression hearing. The trial court also pointed out the uncertainty in Officer Nazar's testimony regarding the positioning of his patrol car and whether he was moving when he originally saw Lockhart's truck. And finally, the trial court stated that once Officer Nazar noticed there was a license-plate taillamp on Lockhart's pickup truck, the purpose of the stop was effectuated. Therefore, given that Officer Nazar did not give additional specific, articulable facts for the continued detention, the trial court concluded that all evidence flowing from the continued detention should be suppressed.

Despite the foregoing, the State argues on appeal that the trial court erred by failing to consider the second requirement of section 547.322(f) of the Transportation Code—that the license-plate taillamp be sufficient to render the plate legible at fifty feet. Specifically, section 547.322(f) provides that: "A taillamp or a separate lamp shall be constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear." TEX. TRANSP. CODE ANN. § 547.322(f). A violation of the traffic code provides a valid basis for a traffic stop. *See McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); *see also Gracia v. State*, No. 10-14-00106-CR, 2016 Tex. App. LEXIS 7761, at *5 (Tex. App.—Houston [14th Dist.] July 21, 2016, pet. ref'd) (mem. op., not designated for publication). Moreover, "[a] police officer may stop a vehicle if the illumination of the license plate does not properly illuminate the plate so that it can be seen from a distance of fifty feet." *Appleby v. State*, No. 11-17-00038-CR, 2018 Tex. App. LEXIS 1080, at *7 (Tex. App.—Eastland Feb. 8, 2018, no pet.) (mem. op., not designated for publication) (citing *Dominy-Gatz v. State*, No. 05-15-01194-CR, 2016 Tex. App. LEXIS 13423, at **20-23 (Tex. App.—Dallas Dec. 16, 2016, pet. ref'd) (mem. op., not designated for publication)).

A review of the trial court's findings of fact and conclusions of law does not reveal an explicit finding as to the second requirement of section 547.322(f) of the Transportation Code—that the license-plate taillamp must be legible from fifty feet. *See* TEX. TRANSP. CODE ANN. § 547.322(f). However, the trial court did indicate that: (1) Officer Nazar only

gave conclusory statements that there was no license-plate taillamp on the truck; (2) Officer Nazar's statements on the dashcam video contradicted his probable-cause affidavit and his testimony at the suppression hearing; and (3) there was no further specific, articulable facts for the continued detention based on the absence of a license-plate taillamp. Ostensibly, this case turned on the trial court's evaluation of the credibility and demeanor of Officer Nazar—something to which we afford "almost total deference." *See Guzman*, 955 S.W.2d at 89.

Furthermore, as noted above, we review the evidence in the light most favorable to the trial court's ruling, and if the trial court's ruling is correct on any theory of law applicable to the case, we must sustain the ruling. *See Kelly*, 204 S.W.3d at 818; *see also Dixon*, 206 S.W.3d at 590. And more importantly, when the trial court has not made a finding on a relevant fact, such as the legibility of the license-plate taillamp from fifty feet, we imply the finding that supports the trial court's ruling, so long as it finds some support in the record. *See Moran*, 213 S.W.3d at 922; *see also Kelly*, 204 S.W.3d at 818-19.

Therefore, in light of the trial court's findings, as well as Officer Nazar's admission that the license plate was illuminated and the trial court's ultimate decision to suppress the complained-of evidence, we conclude that the record supports an implication that the trial court determined that Lockhart's license-plate taillamp was legible at fifty feet and, thus, did not violate section 547.322(f) of the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 547.322(f); *see also Moran*, 213 S.W.3d at 922; *Kelly*, 204 S.W.3d at 818-19. And

viewing the evidence in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion by granting suppression in this case. *See Crain*, 315 S.W.3d at 48; *see also Garcia-Cantu*, 253 S.W.3d at 241; *Guzman*, 955 S.W.2d 85, 88-89. Accordingly, we overrule the State's sole issue on appeal.

### III.     CONCLUSION

Having overruled the State's sole issue on appeal, we affirm the order of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed September 26, 2018
Do Not Publish
[CRPM]

