Opinion issued October 14, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01033-CR




ROY RENE MORENO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 1176933 




MEMORANDUM OPINION 
          Appellant, Roy Rene Moreno, was charged with the misdemeanor offense of
driving while intoxicated (DWI). The trial court denied appellant’s pretrial motion
to suppress. Appellant pleaded guilty, and the trial court sentenced him to
confinement for 180 days, suspended for one year of community supervision, and a
$300 fine, pursuant to an agreed plea bargain with the State. 
          In his sole point of error on appeal, appellant challenges the denial of his
motion to suppress on the ground that the State failed to prove the reasonableness of
the traffic stop that led to the DWI charge. 
          We affirm.
Factual and Procedural Background
          At the hearing on the motion to suppress, the trial court heard the testimony of
Officer R. Sebolski, a nine-year veteran of the Houston Police Department’s DWI
task force. Officer Sebolski testified that on June 6, 2003, at approximately 2 a.m.,
he was running a stationary radar on the shoulder of the Gulf Freeway. Officer
Sebolski first noticed appellant’s truck because it was traveling at what Officer
Sebolski considered a low rate of speed for the freeway. The officer clocked
appellant’s truck traveling at 49 miles per hour in a 60-mile-per-hour zone. 
According to Officer Sebolski, “it was not normal” for someone to be traveling that
slowly on a major freeway. 
          As it passed his position, Officer Sebolski saw appellant’s truck swerve out of
its lane. The officer then pulled behind appellant and turned on a video camera in his
patrol car to record appellant’s driving. The officer did not pull appellant over
immediately because, as Officer Sebolski testified, they were “coming up on a hill
and I do not want to stop anybody on top of a hill.” 
          As he drove behind appellant, Officer Sebolski observed appellant swerving
within appellant’s own lane and “driving on top of the line” that separated appellant’s
lane from the next. After following appellant for less than one-half mile, Officer
Seboski initiated a traffic stop. As a result of the stop, appellant was ultimately
charged with DWI. 
          Appellant filed a motion to suppress asserting that Officer Sebolski lacked
“probable cause” to make the stop. At the conclusion of the suppression hearing, the
trial court denied appellant’s motion and made the following oral findings: 
I did find the officer’s testimony to be credible, Officer Sebolski, with
nine and a half years on the DWI Task Force. He testified that he had
made numerous arrests, and based on the officer’s experience and his
observations I do find that there was a reasonable suspicion to stop the
defendant, specifically that he noted that going 49 in a 60 zone while not
unlawful is extremely unusual in the area where the stop was made in
his jurisdiction. And he did testify that the defendant only crossed the
line one time and the video does clearly show that the defendant drifts
within the lane. He does not cross over into the opposite lane, although
his wheel does touch the white line serval [sic] times. And looking at
the totality of the circumstances under the facts presented and based
again on the officer’s experience I do find that the motion should be
denied and that there was reasonable suspicion to stop. . . . 
          Appellant challenges the trial court’s denial of his motion to suppress.
Standard and Scope of Review
          We review a trial court’s ruling on a motion to suppress for an abuse of
discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).           In a hearing on a motion to suppress, the trial court is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given to their testimony. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Because the trial
court observes the demeanor and appearance of the witnesses, it may believe or
disbelieve all or any part of a witness’s testimony, even if that testimony is not
controverted. See Hawes v. State, 125 S.W.3d 535, 538 (Tex. App.—Houston [1st
Dist.] 2002, no pet.); see also Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim.
App. 1987).
          We will sustain the trial court’s ruling on the admissibility of the evidence if
the ruling is reasonably supported by the record and is correct on any theory of law
applicable to the case. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). 
This is “true even if the trial judge gives the wrong reason for the decision.” Romero,
800 S.W.2d at 543.
Reasonable Suspicion Required for Stop
          A routine traffic stop closely resembles an investigative detention. Martinez
v. State, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (citing
Berkemer v. McCarty, 468 U.S. 420, 439, 104 S. Ct. 3138, 3149-50 (1984)). Law
enforcement officers may stop and briefly detain a person for investigative purposes
on less information than would be required to support a custodial arrest, which
requires a probable cause determination. Id. (citing Terry v. Ohio, 392 U.S. 1, 21-22,
88 S. Ct. 1868, 1879-81 (1968)). 
          Before an investigative detention is justified, the officer must possess
reasonable suspicion to detain the suspect, i.e., the officer must have specific,
articulable facts, which, in light of his experience and general knowledge, together
with rational inferences from those facts, would reasonably warrant the intrusion on
the freedom of the citizen stopped for investigation. Gurrola v. State, 877 S.W.2d
300, 302 (Tex. Crim. App. 1994). The articulable facts “must create some reasonable
suspicion that some activity out of the ordinary is occurring or has occurred, some
suggestion to connect the detainee with the unusual activity, and some indication the
unusual activity is related to crime.” Garza v. State, 771 S.W.2d 549, 558 (Tex.
Crim. App. 1989). There need only be an objective basis for the stop; the subjective
intent of the officer is irrelevant. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim.
App. 2001).
          When a police officer stops a defendant without a warrant and without the
defendant’s consent, the State has the burden at a suppression hearing of proving the
reasonableness of the stop within the totality of the circumstances. See Hulit v. State,
982 S.W.2d 431, 436 (Tex. Crim. App. 1998); Russell v. State, 717 S.W.2d 7, 9-10
(Tex. Crim. App. 1986); see also Garcia, 43 S.W.3d at 530. In conducting the
totality of the circumstances determination, the reviewing court uses a bifurcated
standard of review: (1) giving almost total deference to a trial court’s determination
of historical facts and application of law to fact questions that turn on credibility and
demeanor, and (2) reviewing de novo the application of law to fact questions that do
not turn on credibility and demeanor. Garcia, 43 S.W.3d at 530. We give almost
total deference to the trial court in determining what the actual facts are and review
de novo whether those facts are sufficient to give rise to reasonable suspicion. Id.
Analysis of Stop in this Case
To challenge the trial court’s denial of his motion to suppress, appellant
contends in his brief that Officer Sebolski lacked reasonable suspicion to make the
stop based on appellant’s “traveling 49 m.p.h. in a 60 m.p.h. zone and drifting within
his lane.” Appellant reasons that such behavior “did not pose a danger to other
vehicles,” and thus could not provide reasonable suspicion to support the stop. 
Appellant points out that his in-lane weaving was not unsafe because there were no
other vehicles in the vicinity at the time.
          Although his testimony gives some indication that appellant’s low speed and
in-lane weaving contributed to his decision to stop appellant, Officer Sebolski
testified that the reason he stopped appellant was for failing to maintain a single lane. 
It is well-established that an officer may lawfully stop an individual for a traffic
violation. Walter v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); McVickers
v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). Transportation Code
subsection 545.060(a) provides that “an operator on a roadway divided into two or
more clearly marked lanes for traffic shall drive as nearly as practical entirely within
a single lane and may not move from the lane unless that movement can be made
safely.” Tex. Transp. Code Ann. § 545.060(a) (Vernon 2003). Officer Sebolski
testified that he stopped appellant based on appellant’s failure to maintain a lane
because such conduct was “unsafe.” Officer Sebolski stated that he feared appellant
“might sideswipe” another vehicle. The officer also explained the circumstances that
made appellant’s failure to maintain a lane unsafe: “[A]s [appellant] was traveling he
failed to maintain a single lane of traffic. We don’t know what vehicle might be
speeding up behind us. We don’t know what he was going to see on the other side
of the hill.” 
          Here, Officer Sebolski’s observations were sufficient to support a reasonable
suspicion that appellant had committed the offense of failing to maintain a single lane
in violation of subsection 545.060(a). See Martinez, 29 S.W.3d at 611 (concluding
that drifting partially onto shoulder of freeway for one or two seconds and pulling
back was sufficient for officer to reasonably believe that violation of section 545.060
had occurred and to provide reasonable suspicion to support a stop). Moreover, as
argued by the State, Officer Sebolski’s testimony of low speed, in-lane weaving, and
failure to maintain a lane raised sufficient facts to justify a stop based on reasonable
suspicion that appellant was intoxicated. See McQuarters v. State, 58 S.W.3d 250,
255 (Tex. App.—Fort Worth 2001, pet. ref’d) (concluding that officer’s testimony
that defendant was driving at slow speed in left lane and had crossed over center line
raised sufficient facts to justify stop based on reasonable suspicion that appellant was
intoxicated).
          In support of his appellate challenge to the trial court’s ruling, appellant relies
on State v. Cerny, 28 S.W.3d 796 (Tex. App.—Corpus Christi 2000, no pet.) and
Hernandez v. State, 983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref’d). These
cases are distinguishable from the instant one. Cerny involved an observation of
weaving within a lane, without any testimony about whether that movement was
unsafe, and with no other observed behavior to justify a stop. 28 S.W.3d at 800-01. 
In Hernandez, the officer testified only to a “slight drift” over the lane line and that
he was concerned about the defendant’s well being but testified to no other facts that
would have presented a danger to other drivers or created reasonable suspicion that
justified a stop. 983 S.W.2d at 868-69. 
          In contrast, Officer Sebolski not only testified that he observed appellant
weaving within his own lane, but also that he saw appellant weave into the next lane
and that appellant was driving at a speed that was “not normal.” In addition, Officer
Sebolski testified to facts that showed appellant’s driving, particularly his failure to
maintain his lane, presented a danger to others. 
          We conclude that, based on the totality of Officer Sebolski’s testimony as to
the facts and the rational inferences to be drawn from those facts, the officer’s
observations of appellant’s driving behavior were sufficient to justify the officer to
stop appellant based on a reasonable suspicion that he was in violation of subsection
545.060(a), and to raise a reasonable suspicion in the mind of a police officer,
particularly one with Officer Sebolski’s experience and training, that appellant was
driving while intoxicated. We hold that the trial court did not abuse its discretion in
denying appellant’s motion to suppress. 
 

Conclusion
          We overrule appellant’s sole issue and affirm the judgment of the trial court.





                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley

Do not publish. Tex. R. App. P. 47.2(b).