IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00007-CV

 

Patricia Wilz, Guardian of 

Jon Patrick Flournoy, 

An Incapacitated Person,

                                                                      Appellant

 v.

 

Jack M. Sanders, Jr.,

                                                                      Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court # 26,300-A-1

 



CONCURRING Opinion



 








I cannot agree to immunize, as a matter of law,
all attorneys appointed to review settlements on behalf of incapacitated
persons.  There is at least some conflict
in this record about whether Sanders was acting as an attorney ad litem or
guardian ad litem.  But in either event,
his duties were to protect the ward, not act as an arm of the court to decide a
matter as would a special master. 
Protecting the ward is the service for which a fee was paid.  I will, however, acknowledge that there is a
vast difference between the duties of a guardian ad litem and an attorney ad
litem, though the extent and nature of those respective duties is not, at this
time, clear.  Indeed, the subject has
recently been the focus of discussion, analysis, and review by the Texas
Supreme Court Rules Advisory Committee in its consideration of amending Rule
173 of the Texas Rules of Civil Procedure.

But the resolution in this case is not dependent
on whether Sanders properly performed his duties, whatever they were, as a
guardian ad litem or an attorney ad litem. 
That is because Sanders’s duties, whatever they were, were concluded a
decade before this litigation. During that decade, the ward’s legal guardian
and the legal guardian’s wife engaged in illegal acts that wholly depleted the
ward’s estate; a classic superseding cause. 
It would not have mattered what Sanders did a decade ago.  The legal guardian, who was the ward’s father,
and his new wife stripped the ward’s estate. 
Only when there was nothing left to take was the ward
institutionalized.  Because of this
superseding cause, I concur only in affirming the judgment that Wilz take
nothing from Sanders.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion issued and filed February 23, 2005





. art. 1.14(b) (Vernon
Supp. 2004)).  Martin did not object and
brings this issue for the first time on appeal. 
By failing to timely object to the substance of the indictment under the
doctrine of in pari materia, he
waived his complaint.  See id.;
Tex. R. App. P. 33.1(a)(1). 

          We overrule this issue.




“Deception”
Instruction

          Martin’s
second issue argues that the court erred in failing to instruct the jury on the
definition of “deception” in the charge to the jury.  Martin concedes that he did not object to the
charge.  When reviewing charge errors, an
appellate court must undertake a two-step review: first, the court must
determine whether error actually exists in the charge, and second, the court
must determine whether sufficient harm resulted from the error to require
reversal.  Abdnor v. State, 871
S.W.2d 726, 731 (Tex. Crim. App. 1994); Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (on rehearing). 
Assuming without deciding that the failure to include a definition of “deception”
was error, we reverse only if the unobjected to error caused “egregious” harm.  Jimenez
v. State, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000); Almanza, 686 S.W.2d at 171.  In evaluating whether charge error
caused egregious harm to the accused, we consider (1) the entire jury charge,
(2) the evidence produced at trial, the contested issues and the weight of the
probative evidence, (3) the attorneys’ arguments, and (4) any other relevant
information revealed by the record of the trial as a whole.  Ovalle, 13 S.W.3d 774, 786 (Tex. Crim.
App. 2000) (quoting Almanza, 686 S.W.2d at 171).  Egregious harm exists if the error has denied
the defendant a fair and impartial trial. 
Id.

           The court charged the jury as follows:

          Now,
therefore, if you find and believe from the evidence beyond a reasonable doubt
that Matthew Martin in McLennan County, Texas, on or about the 18th
day of October, 2001, did unlawfully appropriate, by acquiring or otherwise
exercising control over, property, to-wit: computer equipment, of the value of
$50 or more but less than $500, from Shannan Barnett, the owner thereof, and
without the effective consent of the owner, namely, by deception and with
intent to deprive the owner of the property, then you will find the Defendant
guilty as charged.  If you do not so find
and believe, or if you have a reasonable doubt thereof, then you will find the
Defendant “Not Guilty.”

 

In reviewing the record and the charge,
we cannot say that Martin suffered egregious harm because the statutory
definition of “deception” was not included in the charge.  The statutory definition of deception is more
expansive than the common usage of the term, and thus the absence of the
definition likely benefited Martin.  See Shelley v. State, 1987 WL 14554, *3
(Tex. App.—Houston [1st Dist.] 1987, no pet.)(not designated for publication).

          We
overrule this issue.

Legal
and Factual Insufficiency

          Martin
contends that the evidence was legally and factually insufficient to support a
finding that he acquired or exercised control of the computer equipment.  When reviewing the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S.
307, 318-19, 99 S.Ct. 2781, 2788-89, 61
L.Ed.2d 560 (1979).  A legal sufficiency
review considers “all of the evidence” which the jury was permitted to
consider.  Id.  We review factual sufficiency by considering all of the evidence in a
neutral light to determine whether a jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. April 21, 2004).

          Martin argues that there is no evidence
that he, rather than Scheele, attempted to appropriate the printer.  However, the loss prevention officer
testified that he saw Martin select the printer, place it in a cart, take the
printer from the electronics department to the toy department, pull labels off
both products, and place paper from his shirt pocket on the printer.  Although both Martin and Scheele testified
that she, not he, purchased the printer, the loss prevention officer testified
that both Martin and Scheele went through the checkout together.  A store manager testified that Martin was
pushing the cart containing the printer when the manager confronted Martin
outside of the store.

          Considering all of the evidence in the
light most favorable to the verdict, the jury could have rationally found
beyond a reasonable doubt that Martin exercised control over the printer.  Jackson,
443 U.S. at
318-19, 99 S.Ct. at 2788-89.  Considering all of the evidence in a
neutral light, we cannot say the jury was not rationally justified in finding
that Martin exercised control over the printer. 
Zuniga, 2004 WL 840786, at *7.

          We overrule this issue.

Best Evidence

          Martin complains that photographs of
the printer box and monitor box admitted as evidence should not have been
admitted as they were irrelevant and not the best evidence.  The admission of evidence is within the sound
discretion of the trial court, and its ruling shall not be disturbed on appeal
absent a clear abuse of discretion.  McVickers v. State, 874 S.W.2d 662, 663
(Tex. Crim. App. 1993).

          Martin argues that the photographs are
irrelevant and not the best evidence because the labels are largely
unreadable.  The purpose of the best
evidence rule is to require that if the contents of a writing are to be proved,
it must be by the production, if possible, of the very writing itself.  Tex.
R. Evid. 1002; Shugart v. State,
32 S.W.3d 355, 366-67 (Tex.
App.—Waco 2000, pet. ref’d).  The record
does not indicate that the photographs were admitted to prove the contents of
the labels or the bar codes.  A store
manager testified that the photographs were fair and accurate representations
of the way the printer box and monitor box 








appeared
on the date of the incident, including the labels that were attached to the
printer box.  The actual label that
Martin was accused of attaching to the printer box was admitted into evidence
as a separate exhibit.  Because the
photographs were not admitted to prove the contents of a writing, the trial
court did not abuse its discretion by finding that the best evidence rule did
not apply.  We will not disturb the trial
court’s ruling that the photographs were relevant.

          We overrule this issue.

Trial Court’s Remarks

          Martin’s fifth issue complains that
the trial court’s remarks prejudiced Martin in the eyes of the jury.  At trial, Martin testified in his own
defense.  The trial judge repeatedly
admonished Martin to answer the questions asked of him, to not interrupt his
attorney, and to “quit launching into narratives.”  Martin specifically complains of the
following exchange:

Question:
      Do you have any comments on this?
Not really.

Answer:
       Yeah, I do have a comment.

Court:           Mr. Crow, that is not a proper
question, “Do you have any comments on this?”

Mr.
Crow:     I apologize.

Court:           He’s got comments on everything, but
I would like to hear something that’s relevant to his defense or to the case.

 

          Martin complains that the judge’s
comments implied that he does not have a defense.  As a general rule trial counsel must
object to the trial judge’s comments during trial to preserve a complaint.  State
v. Blue, 41 S.W.3d 129, 131 (Tex. Crim. App. 2001); Tex. R. App. P. 33.1.  Martin did not object at trial.  Although we do not necessarily approve of the
trial judge’s remark, it did not amount to fundamental error and was therefore
not preserved for review.  Id.

          We
overrule this issue.

Ineffectiveness
of Counsel

          Martin complains that he did not
receive effective assistance of counsel. 
To establish a claim of ineffective assistance of counsel, appellant
must show that counsel’s assistance fell below an objective standard of
reasonableness and that counsel’s deficient performance, if any, prejudiced the
defendant.  Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 2063 (1984).  The review of defense
counsel’s representation is highly deferential and presumes that counsel’s
actions fell within a wide range of reasonable professional assistance.  Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  When the record is silent as to defense
counsel’s subjective motivations, we will ordinarily presume that the
challenged action might be considered sound trial strategy.  Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003).  There is no record of Martin’s trial
counsel’s strategy or motivations for the actions of which Martin
complains.  He has not overcome the
presumption that counsel’s actions might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App.
1991).  

           We overrule this issue.




CONCLUSION

          Having overruled all of the issues, we
affirm the judgment.

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed October
 13, 2004

Do not publish 

 

[CR25]