NUMBER 13-04-005-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

 

LANCE WOODLEY LITTLETON,                                                    Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

                   On
appeal from the County Court at Law No. 1 

                                      of
Nueces County, Texas.

 

 

                                MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








A jury found appellant, Lance Woodley Littleton,
guilty of the misdemeanor offense of driving while intoxicated.[1]  The trial court assessed punishment at a
$500.00 fine and ninety days in jail, suspended for twelve months.  By three issues, appellant contends the trial
court erred in (1) denying his motion to suppress because the arresting officer
was not justified in stopping his vehicle, (2) denying his challenge for cause
against a prospective juror, and (3) admitting a videotape which had allegedly
been edited to exclude potentially exculpatory evidence.  We affirm.

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[2]

The record contains the trial court=s certification that this is not a plea-bargain case
and that the defendant has the right to appeal.[3]


                                                Motion
to Suppress

In his first issue, appellant contends the trial
court erred in denying his motion to suppress because the arresting officer
lacked reasonable suspicion or probable cause to stop his vehicle.








A trial court's ruling on a motion to suppress is
generally reviewed for abuse of discretion.[4]  In a suppression hearing, the trial judge is
the sole trier of fact and judge of the credibility of
the witnesses and the weight to be given to their testimony.[5]  In reviewing a trial court's ruling on a
motion to suppress, we afford almost total deference to the trial court's
determination of the historical facts that the record supports, especially when
the trial court's findings turn on evaluating a witness's credibility and
demeanor.[6]  We afford the same amount of deference to the
trial court's ruling on Aapplication of law to fact questions,@ also known as Amixed questions of law and fact,@ if resolving those ultimate questions turns on
evaluating credibility and demeanor.[7]  However, we review de novo questions
of law and Amixed questions of law and fact@ that do not turn on an evaluation of credibility and
demeanor.[8]  

Where, as here, no findings of fact are filed by the
trial court, Awe view the evidence in the light most favorable to
the trial court's ruling and assume that the trial court made implicit findings
of fact that support its ruling as long as those findings are supported by the
record.@[9]  Because the
issue in this case does not involve a disagreement about the facts or
credibility of the witness, but rather whether the officer had either probable
cause or a reasonable suspicion to stop appellant, we review the trial court's
ruling de novo.[10]  If the judge=s decision is correct on any theory of law applicable
to the case, the decision will be sustained.[11]  In the context of driving-while-intoxicated
investigatory detentions, the totality of the circumstances test is the current
reasonableness standard applied when reviewing warrantless arrests.[12]














A police officer may stop and briefly detain a person
for investigative purposes if the officer has a reasonable suspicion supported
by articulable facts that criminal activity may be afoot, even if the officer
lacks evidence rising to the level of probable cause.[13]  This Areasonable suspicion@ requires Athat there is something out of the ordinary occurring
and some indication that the unusual activity is related to crime.@[14]  The
reasonableness of a stop turns on the totality of the circumstances present in
each case.[15]  However, if an actual violation of law is
observed, there is probable cause for the traffic stop, and law enforcement
officials are free to enforce the laws and detain a person for that violation.[16]  Nonetheless, in determining whether a traffic
violation has been committed, the principles of Terry apply, just as
they would for other crimes.[17]  The standard is an objective one:  there need only be an objective basis for the
stop; the subjective intent of the officer conducting the stop is irrelevant.[18]  An objectively valid stop may be upheld even
if made for an improper reason.[19]  The court=s review is not limited to the violations an officer
lists in making the stop; the test is whether the articulated facts about which
the officer testified would, in light of the officer=s experience and personal knowledge, together with
inferences from those facts, warrant a reasonable person to believe that a
violation had occurred.[20]           When
an officer stops a defendant without a warrant and without the defendant=s consent, the State has the burden at a suppression
hearing of proving the reasonableness of the stop.[21]     

Appellant argues that there was no probable cause or
reasonable suspicion to stop  his vehicle
because there was no evidence that he failed to drive in a single marked
traffic lane when it was unsafe to do so.[22]  Appellant argues that because there was no
evidence or testimony that his actions were unsafe, the evidence does not
support a finding that the arresting officer had a reasonable belief that he
violated section 546.060(a) of the transportation code.[23]


Section 546.060(a) of the transportation code
provides:

(a) An operator on a roadway divided into two or more
clearly marked lanes for traffic:

 

(1) shall drive as nearly as practical entirely within
a single lane; and

 

(2) may not move from the lane unless that movement
can be made safely.[24]

 








The State responds that regardless of whether a
violation of section 545.060 occurred, the arresting officer testified at the
suppression hearing[25]
that appellant=s vehicle crossed the yellow center line of the
roadway, which constitutes a separate traffic violation.[26]  The arresting officer testified that he
stopped appellant because he was A[d]riving on the improved shoulder when prohibited
and being on the wrong side of the roadway while not passing.@  The officer
further testified that he had made over 500 arrests for driving while
intoxicated and that appellant=s driving was consistent with that of an intoxicated
person.  We conclude that the officer=s testimony that appellant=s vehicle crossed the yellow center line into
oncoming traffic was sufficient to establish that appellant was stopped
pursuant to a traffic violation.[27]  Accordingly, we hold that the officer
lawfully stopped appellant=s vehicle and the trial court did not err in denying
his motion to suppress.[28]  We overrule appellant=s first issue.

                                                           Challenge
for Cause 








In his second issue, appellant contends the trial
court erred in denying his challenge for cause against a prospective juror,
James Weatherill.  Appellant contends that
an objectionable juror was seated because he was required to use all his
peremptory strikes,  including one on
Weatherill.[29]  Appellant argues the trial court erred in
denying his motion to strike because Weatherill was sufficiently biased that
his ability to carry out his oath and instructions under the law was
substantially impaired.

During voir dire of Weatherill, he testified that he
is an airline pilot and is therefore subject to stricter standards concerning
drinking than the standards applicable to drivers of motor vehicles.  Weatherill said he thought drivers of motor
vehicles should be held to the same standards that are applicable to
pilots.  He also said that his personal
standards Awould have some effect on [his] judgment,@ but Awould not sway [him] one way or another against
someone.@  He also
testified, however, that he believed he could be fair and impartial in a
driving-while-intoxicated case and that he would not, in this case, hold
the defendant to the standard that applied to himself as an airline pilot. 

When reviewing a trial court's decision to grant or
deny a challenge for cause, we look at the entire record to determine if there
is sufficient evidence to support the court's ruling.[30]  We give great deference to the trial court=s decision because the trial judge is present to
observe the demeanor of the venireperson and to listen to his tone of voice.[31]
Particular deference is given when the potential juror's answers are
vacillating, unclear or contradictory.[32]








An appellant may properly challenge any prospective
juror who has a bias or prejudice against any phase of the law upon which he is
entitled to rely.[33]  The test is whether the bias or prejudice
would substantially impair the prospective juror's ability to carry out his
oath and instructions in accordance with law.[34]  Before a prospective juror can be excused for
cause on this basis, however, the law must be explained to him and he must be
asked whether he can follow that law regardless of his personal views.[35]


Here, as noted, Weatherill specifically denied that
he would hold appellant to the airline industry standard applicable to
him.  He also testified that he was Anot biased because of the constraints of [his]
occupation@ and that he would base his conclusion on the facts
and evidence presented at trial.  After
reviewing the entire record, we conclude there is sufficient evidence to
support the trial court=s ruling in denying appellant=s challenge for cause.[36]  We overrule appellant=s second issue.

                                                        Admission
of Videotape

In his third issue, appellant contends the trial
court erred in admitting a videotape that had allegedly been altered to exclude
potentially exculpatory evidence. 
Specifically, appellant complains that at trial, the State offered into
evidence an Aedited@ copy of the videotape of his arrest, which did not
include Athe whole story@ because it excluded that  portion of the tape recording appellant=s transport to the Nueces County jail.  At trial, the arresting officer testified
that police procedures require the officer to make a copy of the original
videotape up to the point of arrest, which was the procedure followed in this
case.  The officer also testified that in
the edited-out portion of the videotape, during which appellant was transported
to jail, appellant was Arather quiet@ and made very few statements.  








The State contends that by failing to include the
challenged videotape in the appellate record, appellant has waived any right to
challenge the trial court=s ruling admitting the videotape.  We agree. 
It is the appealing party=s burden to ensure that the record on appeal is
sufficient to resolve the issue he presents.[37]  The challenged videotape is not included in
the record before us.  Thus, even if we
were to determine that the trial court erred by admitting the videotape,
without the exhibit, we are unable to determine whether the alleged error was
harmful.  By failing to include the
videotape in the appellate record, appellant waived any right to challenge the
trial court=s ruling admitting the evidence.[38]  








Moreover, even if appellant had included the
videotape in the appellate record, we 
conclude that his challenge to the trial court=s ruling lacks merit. 
The duty to preserve evidence is limited to evidence that possesses an
exculpatory value that was apparent before the evidence was destroyed.[39]  Therefore, a defendant must demonstrate the
lost evidence was both favorable and material to his case.[40]  A showing that the lost evidence might have
been favorable does not satisfy the materiality requirement.[41]  Further, to establish that the failure to
preserve the videotape constitutes a violation of due process or due course of
law, an appellant must demonstrate the police erased the videotape in bad
faith.[42]  Here, appellant complains that the videotape
was improperly admitted because it had been edited Ato delete potentially exculpatory evidence.@  He
contends  Athere is a due process violation implicit in the
editing of the video tape and the admission of that version of the facts before
the jury.@  Appellant
cites no authority for this assertion, and we reject it.  We overrule appellant=s third issue.

The judgment of the trial court is AFFIRMED. 

 

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 11th day of August, 2005.











[1] See Tex. Pen. Code Ann. ' 49.04 (Vernon 2003).





[2] See Tex. R. App. P. 47.4.





[3] See Tex. R. App. P. 25.2.





[4] See Ford v. State, 26 S.W.3d 669, 672 (Tex. App.BCorpus Christi 2000, no pet.)
(citing Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)).





[5] State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 





[6] State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  





[7] Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d. at 89. 





[8] Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d. at 89. 





[9] Ross, 32 S.W.3d at 855.  





[10] See id. at 856; Guzman, 955 S.W.2d at 89. 





[11] See Ross, 32 S.W.3d at 855-56. 





[12] Cerny v. State, 28 S.W.3d 796, 798 (Tex. App.BCorpus Christi 2000, no pet.).





[13] See Terry v. Ohio, 392 U.S. 1, 29-30 (1968); Davis v.
State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997);  Cerny, 28 S.W.3d at 800.  





[14] Davis, 947 S.W.2d at 244 (quoting Viveros v. State, 828
S.W.2d 2, 4 (Tex. Crim. App. 1992)). 





[15] See Cerny, 28 S.W.3d at 800.  





[16] See McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim.
App. 1993); Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992);
Cerny, 28 S.W.3d at 800.  





[17] Drago v. State, 553 S.W.2d 375, 377-78 (Tex. Crim. App. 1977); Cerny,
28 S.W.3d at 800.  





[18] Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).





[19] See Walter v. State, 28 S.W.3d 538, 543 (Tex. Crim.
App. 2000). 





[20] See Garcia, 43 S.W.3d at 530; Davis, 947 S.W.2d at 242-43.





[21] Cerny, 28 S.W.3d at 800 (citing Russell v. State, 717
S.W.2d 7, 9-10 (Tex. Crim. App. 1986)).  





[22] See Tex. Transp. Code Ann. ' 545.060(a) (Vernon 1999).  





[23] See id.





[24] Id. 





[25] The only witness to testify at the
suppression hearing was the arresting officer. 






[26] Section 545.051(a) provides that
except for certain circumstances inapplicable to the present case, a driver Ashall drive on the right half of
the roadway.@ 
See Tex. Transp. Code Ann.
' 545.051(a) (Vernon 1999); see
Griffin v. State, 54 S.W.3d 820, 823 (Tex. App.BTexarkana 2001, pet. ref=d) (noting that traveling across
yellow line into oncoming traffic is a traffic violation in itself and does not
require additional element of unsafe maneuver as does section 545.060).    





[27] See Tex. Transp. Code Ann. ' 545.051(a) (Vernon 1999); Griffin, 54 S.W.3d at
823.   





[28] See McVickers, 874 S.W.2d
at 664 (holding officer may lawfully stop a motorist who commits a traffic
violation).  





[29] To preserve error on denied
challenges for cause, an appellant must demonstrate on the record that 1) he
asserted a clear and specific challenge for cause; 2) he used a peremptory
challenge on the complained‑of venireperson; 3) all his peremptory
challenges were exhausted; 4) his request for additional strikes was denied;
and 5) an objectionable juror sat on the jury. 
Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).





[30] Id. 





[31] Id.  





[32] Id.  





[33] Id. (citing Tex. Code Crim. Proc. Ann. art.
35.16(c)(2) (Vernon Supp. 2004-05)).  





[34] Id. 





[35] 
Id. 





[36] See id.  





[37] Guajardo v. State, 109
S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003). 






[38] See Tex. R. App. P. 34.6 (b)(1) (appellant must designate
exhibits to be included in appellate record); see Rowell v. State, 66
S.W.3d 279, 282 (Tex. Crim. App. 2001) (stating that each party must Adetermine what is necessary for a
record to be so complete as to enable the appellate court to decide the point
of error (including its preservation and effect)@).    





[39] Mahaffey v. State, 937
S.W.2d 51, 53 (Tex. App.BHouston [1st Dist.] 1996, no pet.)
(citing California v. Trombetta, 467 U.S. 479, 489 (1984)). 





[40] Id. 





[41] Id. 





[42] Id.