NUMBER 13-04-438-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

CARLOS DE LA GARZA,                                            Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                   On
appeal from the 24th District Court

                           of Victoria County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Carlos De La Garza, was indicted on one count of delivery
of a controlled substance.  See Tex. Health & Safety Code Ann. ' 481.112 (Vernon
2003).  Appellant filed a motion to
suppress evidence which the trial court denied. 
Subsequently, appellant pleaded guilty to the lesser included offense of
possession of a controlled substance.  By
three issues, appellant contends the trial court erred in denying his motion to
suppress because he (1) was stopped without probable cause, (2) was illegally
and unlawfully detained during the search of his vehicle, and (3) did not
intelligently and voluntarily consent to the search of his vehicle.  We affirm.

The trial court has certified that this "is a plea-bargain case,
but matters were raised by written motion filed and ruled on before trial and
not withdrawn or waived, and the defendant has the right of appeal."  See Tex.
R. App. P. 25.2(a)(2).  

I.  BACKGROUND

As this is a
memorandum opinion and because all issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law and the facts except as necessary to advise the parties of the Court's
decision and the basic reasons for it.  See
Tex. R. App. P. 47.4. 

II.  STANDARD OF REVIEW








The appropriate standard for reviewing a trial court=s ruling on a motion
to suppress is a bifurcated standard of review, giving almost total deference
to a trial court=s determination of
historical facts and reviewing de novo the court=s application of the law.  Maxwell v. State, 73 S.W.3d 278, 281
(Tex. Crim. App. 2002); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  The trial court is the sole
fact finder at a hearing on a motion to suppress evidence and may choose to
believe or disbelieve any or all of the witnesses' testimony.  Johnson v. State, 803 S.W.2d 272, 287
(Tex. Crim. App. 1990).  Because the
trial court did not make explicit findings of fact, we will review the evidence
in the light most favorable to the trial court's ruling and assume that the
trial court made implicit findings of fact that support its ruling, as long as
those findings are supported by the record. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

III.  PROBABLE CAUSE

By his first issue, appellant contends the trial court erred in
denying his motion to suppress evidence because the state trooper stopped him
without probable cause.

When a police officer stops a defendant without a warrant and without
the defendant's consent, the State has the burden at a suppression hearing of
proving the reasonableness of the stop.  Russell
v. State, 717 S.W.2d 7, 9‑10 (Tex. Crim. App. 1986); Hernandez v.
State, 983 S.W.2d 867, 869 (Tex. App.BAustin 1998, pet.
ref'd).  If an officer observes an actual
violation of law, probable cause exists for the traffic stop.  McVickers v. State, 874 S.W.2d 662,
664 (Tex. Crim. App. 1993).  Law
enforcement officials are free to enforce the laws and detain a person for that
violation.  Id.

At the hearing, Texas State Trooper Rick Magana testified that he
stopped appellant=s truck after
observing two traffic violations:  (1)
failure to travel in one lane of traffic; and (2) failure to signal a lane
change due to a malfunctioning signal light on the trailer.  However, the trial court stated during the
hearing that it believed failure to stay in one lane of traffic alone was not
enough to constitute probable cause.  The
stop would have to be based on the defective signal light.








Through the testimony of Trooper Magana and Michael Cano, a licensed
electrician, appellant attempted to prove that the signal lights on the trailer
did work at the time of the stop and thus the trooper had no legal basis to
stop appellant.  Trooper Magana testified
that the hazard lights of the trailer were properly working at the time of the
traffic stop.  Cano testified that if the
hazard lights were working on the trailer, then the signal lights on both sides
of the trailer should have also been working. 
On cross-examination, however, Cano admitted he never tested the lights
on the trailer and could not say for certain whether the signal light actually
worked.

Giving almost total deference to a trial court=s determination of
historical facts, Maxwell, 73 S.W.3d at 281, and because it may choose
to believe or disbelieve any or all of the witness's testimony, Johnson,
803 S.W.2d at 287, we conclude the trial court did not err in finding Trooper
Magana had probable cause to stop appellant. 
Appellant's first issue is overruled.

IV.  ILLEGAL AND UNLAWFUL
DETENTION

By his second issue, appellant argues the trial court erred in denying
his motion to suppress evidence because he was illegally and unlawfully
detained during a routine traffic stop.








An investigative detention may last no longer than is necessary to
effectuate the purpose of the stop.  Florida
v. Royer, 460 U.S. 491, 500 (1983); Davis v. State, 947 S.W.2d 240,
243 (Tex. Crim. App. 1997).  Once the
purpose of the stop has been satisfied, the stop may not be used for an unrelated
"fishing" expedition.  Davis,
947 S.W.2d at 243.  The propriety of the
stop's duration is judged by assessing whether the police diligently pursued a
means of investigation that was likely to dispel or confirm their suspicions
quickly.  Id. at 245.

The reasonableness of a temporary detention must be examined in terms
of the totality of the circumstances and will be justified when the detaining
officer has specific articulable facts, which taken together with rational
inferences from those facts, lead to the conclusion that the person detained
is, has been, or soon will be engaged in criminal activity.  Woods v. State, 956 S.W.2d 33, 35
(Tex. Crim. App. 1997); Hernandez, 983 S.W.2d at 869.

Trooper Magana testified that when examining appellant's vehicle he
noticed the vehicle identification number looked as if it had been painted
over.  At this time Trooper Magana began
to investigate whether the truck was stolen. 
After calling in the vehicle identification number to the department of
public safety and receiving a response that the number did not conform to the
make and model of appellant=s truck, Trooper
Magana asked appellant to follow him to the highway department so that he could
continue his investigation.  Before
leaving, Trooper Magana received appellant's consent to search the vehicle for
weapons.  During the search, he
discovered the bag of cocaine. 








Based on the totality of the circumstances, we conclude that Trooper
Magana offered specific articulable facts, which, taken together with rational
inferences from those facts, lead to the conclusion that appellant was, had
been, or soon would be engaged in criminal activity.  See Woods, 956 S.W.2d at 35.  Thus, appellant=s detention was justified.  Appellant's second issue is overruled.

V.  CONSENT TO SEARCH

By his third issue, appellant argues that the trial court erred in
denying his motion to suppress evidence because he did not intelligently and
voluntarily consent to a search of his vehicle.

Consent to search is one of the well-established exceptions to the
constitutional requirements of both probable cause and a warrant.  Maxwell, 73 S.W.3d at 281 (citing Schneckloth
v. Bustamonte, 412 U.S. 218, 219 (1973); Carmouche v. State, 10
S.W.3d 323, 331 (Tex. Crim. App. 2000)). 
In order for this exception to validate a warrantless search, the State
must show by clear and convincing evidence that consent was freely and
voluntarily given.  See State v.
Ibarra, 953 S.W.2d 242, 245 (Tex. Crim. App. 1997).  In determining whether an accused's consent
to search is voluntary, appellate courts must look to the totality of the
circumstances.  Johnson v. State,
68 S.W.3d 644, 653 (Tex. Crim. App. 2002). 









Factors to be examined in determining whether an accused freely and
voluntarily consented include, but are not limited to the following:  (1) whether, and to what extent, officers
exhibited a show of force, including a display of weapons or other intimidating
tactics; (2) whether the arresting officers engaged in flagrant misconduct; (3)
whether the police threatened to obtain a search warrant, or whether the police
claimed a right to search; (4) whether the police administered Miranda
warnings; (5) whether the arrest was made in order to obtain consent; (6)
whether the accused knew that he could refuse to allow a search; (7) whether
consent was first offered by the accused or was in response to a police
request; and (8) the accused's age, education, intelligence, and physical
condition.  See Frierson v. State,
839 S.W.2d 841, 851 (Tex. App.BDallas 1992, pet.
ref'd); see also State v. $217,590.00 in U.S. Currency, 18 S.W.3d 631,
634 (Tex. 2000) (compiling list of factors from various cases).








With these factors in mind, we review the totality of the
circumstances to determine whether the State met its burden by presenting clear
and convincing evidence that appellant's consent was freely and voluntarily
given.  Based on our review of the
evidence presented at the suppression hearing, we find there was no evidence
that Trooper Magana exhibited a show of force or that he displayed any weapons.  There was no indication that appellant was
physically abused or threatened into giving his consent or evidence of violence
or physical coercion of any type.  See
Lackey v. State, 638 S.W.2d 439, 451 (Tex. Crim. App. 1982) (stating that
absence of violence and physical coercion is indicative that consent was given
voluntarily).  Additionally, there was no
evidence of flagrant misconduct by Trooper Magana.[1]  There was neither testimony that Trooper
Magana threatened to obtain a search warrant if appellant did not acquiesce nor
that the trooper claimed a right to search. 
In appellant=s favor, there was
also no evidence that he was given his Miranda rights, however, this
alone is not dispositive.  See Meeks
v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985) (stating that lack of
warnings, including Miranda warnings, is probative on the issue of
consent, but warnings are not required).

Viewing the evidence in the light most favorable to the trial court's
decision to suppress and assuming that the trial court made implicit findings
of fact that support its ruling, see Ross, 32 S.W.3d at 855, we find
from a totality of the circumstances that the State has shown by clear and
convincing evidence that appellant's consent was freely and voluntarily given.[2]  See Ibarra, 953 S.W.2d at 245; Johnson,
68 S.W.3d a t 653.  Appellant's third
issue is overruled.

VI.  CONCLUSION

Accordingly we affirm the decision of the trial court.

 

NELDA
V. RODRIGUEZ

Justice

 

Do
not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 26th day of
August, 2005.

 











[1] 
Appellant argues that Trooper Magana committed misconduct by initially
entering appellant=s vehicle without his consent.  However, the trooper testified that he
entered the vehicle only to examine the vehicle identification number.  Because we review the evidence in the light
most favorable to the trial court's ruling, see State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000), and the trial court may choose to
believe any or all of the witnesses= testimony, see Johnson v. State, 803 S.W.2d 272,
287 (Tex. Crim. App. 1990), we find the trooper did not engage in flagrant
misconduct.





[2]  We note that appellant argues his
consent was a result of an illegal detention. 
However, we need not address this argument due to our disposition of
appellant=s second issue.