Affirmed and Memorandum Opinion filed April 3, 2008








Affirmed and Memorandum Opinion filed April 3, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01025-CR

____________

 

JUAN JOSE RESENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1037131

 



 

M E M O R A N D U M   O P I N I O N

Appellant Juan Jose Resendez was convicted of the felony
offense of possession of over 400 grams of cocaine with intent to distribute. 
Appellant appeals his conviction on the following grounds: (1) the jury verdict
constitutes cruel and unusual punishment, (2) the trial court abused its
discretion in denying appellant=s motion to suppress evidence, and (3) the
evidence is factually insufficient to support his conviction.  We affirm.








                                                I.  Background

On August 11, 2005, appellant was stopped by Officer John
Oakley for a traffic violation.  When the officer approached appellant=s vehicle, he
smelled the odor of marijuana.  He asked for appellant=s consent to
search the vehicle, and appellant provided both verbal and written consent to
search.  Officer Oakley found a bag of marijuana and several thousand dollars
in appellant=s vehicle.  An inventory search of appellant=s vehicle was also
performed, during which bags of cocaine were found hidden underneath the
carpet.

Officer Michael Biggs spoke to appellant at the police
station and obtained consent to search his residence at 1215 Witter in
Pasadena.  During the search of appellant=s residence on
1215 Witter, Officer Jason Bright found cocaine packaged in small plastic bags,
a digital scale, and a larger bag with cocaine residue.

Subsequently, police learned that appellant had another
home with his wife on 413 Alastair in Pasadena.  Appellant=s wife, Gina
Resendez, gave police consent to search the residence.  She led Officer Raymond
Garivey to the bedroom and pulled out the bottom drawer of a dresser, under
which lay two bricks of cocaine.  One brick weighed 975.2 grams, and the other
brick weighed 974.6 grams.  Gina Resendez showed Officer Garivey two safes in
the bathroom that held approximately $18,000 in cash, jewelry, and paperwork. 
She further directed Officer Biggs to the attic where he recovered two
lockboxes containing $135,000 in cash and a digital scale.

Appellant gave a voluntary written statement to police
admitting the cocaine found in both houses belonged to him and outlining his
narcotics operation for police.  In total, police recovered approximately 1,975
grams of cocaine.  At trial, appellant was found guilty of possession of over
400 grams of cocaine with intent to distribute and was sentenced to life
imprisonment and assessed a $250,000 fine.  This appeal followed.








II.  Discussion

A. 
Cruel and unusual punishment

In his first issue, appellant complains the jury verdict of
life imprisonment and fine of $250,000 is cruel and unusual punishment.  To
present a complaint for appellate review, the record must show the complaint
was made to the trial court by a timely objection or motion.  Tex. R. App. P. 33.1(a).  Failing to
complain that a sentence is cruel and unusual, either by objection during the
punishment phase of trial or by motion for new trial, waives the error.  Solis
v. State, 945 S.W.2d 300, 301 (Tex. App.CHouston [1st
Dist.] 1997, pet. ref=d).  There is no evidence in the record
that appellant made a specific objection to the trial court when his punishment
was assessed.  In fact, appellant=s trial counsel
responded, ANo, your honor,@ when asked if he
had anything else on the matter.  Although appellant did file a motion for new
trial, the basis for the motion was insufficient evidence, not cruel and
unusual punishment.  Therefore, appellant presents nothing for appellate
review.

Even assuming it was properly preserved for appellate
review, appellant=s contention that his sentence was cruel
and unusual punishment is without merit.  Appellant argues that his life
sentence and $250,000 fine are disproportionate to his crime, and thus
constitute cruel and unusual punishment.  However, as a general rule, Aas long as a
sentence is within the proper range of punishment it will not be disturbed on
appeal.@  Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  Appellant was convicted
of possession of over 400 grams of cocaine with intent to deliver.  See Tex. Health & Safety Code Ann. ' 481.112(a)
(Vernon 2005).  His conduct in committing this offense set the punishment range
at a minimum of fifteen years to ninety-nine years or life imprisonment and a
fine not to exceed $250,000.  Id. ' 481.112(f). 
Therefore, because the punishment assessed by the jury is within the statutory
range of punishment, the sentence does not constitute cruel and unusual
punishment.








Appellant acknowledges that, as a general rule, punishment
assessed within the statutory limits is not excessive, cruel, or unusual
punishment.  However, appellant argues that his sentence is grossly
disproportionate to the severity of the offense because it involved no death or
loss of limbs.  Citing Solem v. Helm, 463 U.S. 277 (1983), appellant
argues for a disproportionality analysis guided by objective criteria.  Under
this analysis, the court looks at the gravity of the offense and the harshness
of the penalty, the sentences imposed on other criminals in the same
jurisdiction, and the sentences imposed for the commission of the same crime in
other jurisdictions.  Id. at 291.  Unless an appellant establishes the
first element of the Solem test, that his sentence is grossly
disproportionate to his crime, the second and third elements need not be
addressed.  Jeffus v.
State, No.
12-06-00268-CR, 2007 WL 3087562, at *4 (Tex. App.CTyler Oct. 24, 2007, pet. ref=d) (mem. op., not designated for
publication).  A sentence is grossly disproportionate to the crime only when Aan objective comparison of the
gravity of the offense against the severity of the sentence reveals the
sentence to be extreme.@  Harris v. State, 204 S.W.3d 19, 29 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d) (emphasis added).  This gross
disproportionality principle is Aapplicable only in the >exceedingly rare= and >extreme= cases.@  Lockyer v. Andrade, 538 U.S.
63, 73 (2003).

Under the circumstances of this case, appellant=s sentence of life
imprisonment is not so extreme as to satisfy the disproportionality prong of
the Solem test.  Appellant=s maximum sentence
was handed down as a result of his involvement in a large-scale narcotics
operation involving nearly 2,000 grams of cocaine.  Thus, the jury=s verdict did not constitute cruel
and unusual punishment.  We overrule appellant=s first issue.

B. 
Motion to suppress evidence








In his second issue, appellant contends the trial court
abused its discretion in denying his motion to suppress evidence.  The denial
of a motion to suppress is reviewed for abuse of discretion, giving almost
total deference to a trial court=s determination of
historical facts and reviewing de novo the court=s application of
search and seizure law.  Balentine v. State, 71 S.W.3d 763, 768 (Tex.
Crim. App. 2002).  If the record supports a trial court=s findings, an appellate
court is not at liberty to disturb them.  Etheridge v. State, 903 S.W.3d
1, 15 (Tex. Crim. App. 1994).

Appellant argues that he did not violate any traffic laws
and that he was initially stopped because of a telephone call Officer Oakley
had received regarding appellant and not because of any traffic violation.  While
it is true that the mere inarticulate hunch, suspicion, or good faith of an
arresting officer is insufficient to constitute probable cause, see Terry v.
Ohio, 392 U.S. 1, 27 (1968), Officer Oakley provided specific articulable
facts which led to the traffic stop.

An officer may lawfully stop and detain a motorist who
commits a traffic violation in the officer=s presence.  McVickers
v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993).  Once an officer
makes a legal stop for a traffic offense, he may also investigate any other
offense that he reasonably suspects has been committed.  Id.  The
validity of the stop is determined by the totality of the circumstances.  State
v. Griffey, 241 S.W.3d 700, 703 (Tex. App.CAustin 2007, pet.
filed).  In this case, appellant=s stop was lawful
because he committed a traffic violation when he made an unsafe lane change to
the opposite lane of traffic.  The Texas Transportation Code provides that an
operator on a roadway divided into two or more clearly marked lanes for traffic
shall drive as nearly as practical entirely within a single lane and may not
move from the lane unless that movement can be made safely.  Tex. Transp. Code Ann. ' 545.060(a)
(Vernon 2005).  Officer Oakley testified that he saw appellant cross over the
center lane into oncoming traffic.








Appellant cites two cases for the proposition that Officer
Oakley=s testimony did
not establish reasonable suspicion to stop appellant for a violation of section
545.060.  In these two cases, appellate courts held that police officers did
not have reasonable suspicion that the defendant had committed a traffic
offense to justify a warrantless stop.  See Aviles v. State, 23 S.W.3d
74, 79 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d); Hernandez
v. State, 983 S.W.2d 867, 872 (Tex. App.CAustin 1998, pet.
ref=d).  However, in
both Hernandez and Aviles, each of the defendants crossed over
into another lane of traffic traveling in the same direction.  Aviles,
23 S.W.3d at 77B78; Hernandez, 983 S.W.2d at 868B69.  Furthermore,
there was no other evidence that the lane changes were unsafe.  See  Aviles,
23 S.W.3d at 77B78; Hernandez, 983 S.W.2d at 868B69. 

Conversely, crossing over the center stripe into oncoming
traffic constitutes unsafe driving.  In Littleton v. State, No. 13-04-005-CR, 2005 WL 1983984, at *2 (Tex. App.CCorpus Christi Aug. 11, 2005, no
pet.) (mem. op., not designated for publication), a police officer followed a
driver who crossed the center yellow lines of the roadway and eventually
arrested him for driving while intoxicated.  The court denied the appellant=s motion to suppress for lack of
reasonable suspicion.  Id.  The court concluded that the officer=s testimony that the defendant had
crossed the center yellow lines into oncoming traffic was sufficient to
establish that the defendant was stopped pursuant to a traffic violation.  Id.

In this
case, appellant was in the far left lane traveling northbound when he crossed
over into the southbound lane.  Officer Oakley testified that appellant=s move to the southbound lane was
unsafe because the southbound lane was not a lane of traffic appellant could
have continued to travel in going north.  Furthermore, Oakley noted it is
extremely unsafe to cross into a lane of traffic where there are oncoming
vehicles traveling in the opposite direction.  Therefore, Officer Oakley
provided the trial court with a reasonable basis to believe appellant=s lane change was unsafe.

We
conclude the trial court did not err in determining that appellant was lawfully
detained for a traffic offense.  Appellant gave voluntary verbal and written
consent to search his vehicle and home.  Appellant does not challenge the
validity of his consent given to the officer, but instead focuses on the
lawfulness of the officer=s initial stop.  Appellant was legally detained when he
provided consent to search his vehicle and home, and therefore, the seizure of
items from these locations was lawful.  We overrule appellant=s second issue.








C. 
Sufficiency of the evidence

In his third issue, appellant complains the evidence is
factually insufficient to support his conviction.  A factual sufficiency review
dictates that the evidence be viewed in a neutral light, favoring neither
party.  Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  In
determining the factual sufficiency of the evidence to establish the elements
of the offense, the appellate court must review all the evidence in a neutral
light and set aside the verdict only if it is so contrary to the great weight
of the evidence as to be clearly wrong or so weak as to be clearly wrong or
manifestly unjust.  Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  The jury is the sole judge of the facts and is entitled to resolve
any conflicts in the evidence, to evaluate the credibility of the witnesses,
and to determine the weight given to any particular evidence.  Jones v.
State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

Appellant claims that the evidence is insufficient to
support his conviction because the statement he provided to law enforcement
admitting ownership of both homes and the cocaine was untrue.  Specifically,
appellant claims, for the first time on appeal, that he provided the statement
to police to protect his family.  However, appellant never presented any such
evidence at trial.  Had appellant presented this alternative theory to the
jury, they would have been free to choose which of his stories to believe. 
Matters that are not present in the record will not provide a basis for an
appellate court to make a decision; the mere allegation of the existence of
other facts may not be considered on appeal.  See Byrd v. State, No.
14-99-00882-CR, 1999 WL 795661, at *2 (Tex. App.CHouston [14th
Dist.] Oct. 7, 1999, pet. ref=d) (not designated for publication).








Furthermore, appellant argues there was no evidence that
the drugs which were found at appellant=s wife=s house were ever
in his possession.  However, the State presented evidence that appellant told
Officer Bright and Officer Garivey that he had the house on Witter with
his girlfriend and the house on Alastair with his wife.  Appellant=s driver=s license
indicated that his home address was 413 Alastair, and appellant told Officer
Bright that although he and his wife had separated, he still had access to the
house on Alastair.  Appellant had a key to the house and could visit his
children whenever he wanted.  Additionally, some of appellant=s work clothes
were found in the bedroom at the Alastair address, and paperwork found in the
safes at the Alastair home belonged to appellant.  Finally, appellant admitted
ownership of both homes and the cocaine and further outlined his narcotics
operation for police.  Therefore, reviewing the evidence with appropriate
deference to the jury=s verdict, the evidence is not so weak as
to be factually insufficient.  Accordingly, we overrule appellant=s third issue.

                                                 III.  Conclusion

Appellant=s life sentence does not constitute cruel
and unusual punishment.  Furthermore, the trial court did not abuse its
discretion in denying appellant=s motion to suppress evidence.  Lastly,
the evidence presented at trial was factually sufficient to support the jury=s verdict.  We
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 3, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).